UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA EATZ and BARBARA EATZ,                **Case No.:**

                                    Plaintiff,    **NOTICE OF PETITION**
                                                 **FOR REMOVAL**

        -against-

IV FLUSHES, LLC, PINNACLE MEDICAL  **06 CV 4190**
SUPPLY and IVEDCO, LLC,

                                    Defendants.    **JUDGE BATTS**

        Defendant IVEDCO, LLC (hereinafter "Defendant"), SEEKS THE REMOVAL OF

THIS ACTION FROM THE Supreme Court of the State of New York, County of New York, to

the United States District Court for the Southern District of New York, and respectfully shows

this Honorable Court:

        1.      A civil action has been brought against the defendant, in the Supreme Court of the

State of New York, County of New York, titled *Angela Eatz and Barbara Eatz v. IV Flushes,*

*LLC, Pinnacle Medical Supply and IVEDCO, LLC,* under Index No.: 115800/05.  Defendant

exercises its rights under the provisions of 28 U.S.C. §§1332 and 1441 to remove this action

from the Supreme Court of the State of New York, County of New York, in which this action is

now pending, to the United States District Court for the Southern District of New York.

Defendant reserves the right to amend or supplement this Notice of Petition for Removal.

        2.      On or about November 14, 2005 plaintiffs commenced the action by filing a

Summons and Verified Complaint in the Supreme Court, State of New York, New York County.

Annexed hereto as Exhibit "A" is a copy of the Summons and Complaint.

3.     On or about April 21, 2006, plaintiffs filed a Supplemental Summons and Complaint.  Annexed hereto as "Exhibit "B" is a copy of the Supplemental Summons and Amended Complaint.

4.     On or about April 27, 2006, plaintiffs filed a Second Supplemental Summons and Second Amended Complaint, copies of which are collectively annexed hereto as "Exhibit "C".

5.     On or about May 5, 2006 Defendant was served by regular mail, with the Second Supplemental Summons and Second Amended Complaint.  This constitutes the first service of process upon defendant in this matter.

6.     Upon information and belief, at the time of the filing of this Notice of Removal, and at the time of the commencement of this action:

     (a)     The plaintiffs, ANGELA EATZ and BARBARA EATZ are domiciled citizens of the State of New York.

     (a)     Defendant, IVEDCO, LLC is a Texas Limited Liability Company organized and existing under and by virtue of the laws of the State of Texas, which maintains corporate headquarters in Texas.

7.     This is a civil action grounded in medical device/products liability wherein the plaintiffs seek monetary damages for personal injuries.

8.     The defendant asserts that complete diversity between all parties exists, and that this action is one over which this Court has original jurisdiction under provision of Title 28, United States Code §1332, and is one which may be removed to this Court by defendants, pursuant to the provisions of Title 28, United States Code §in that it is a civil action wherein the matter and controversy allegedly exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

9.      Defendant IV Flushes, LLC. consents to this removal. *See* Consent to Removal annexed hereto as Exhibit "D."

10.     Defendant Pinnacle Medical Supply Inc. consents to this removal. *See* Consent to Removal annexed hereto as Exhibit "E."

11.     Accordingly, this is a controversy between citizens of different states, and the controversy between the parties can be fully determined in this action.

12.     Pursuant to 28 U.S.C. §1446(b), the within Notice of Petition for Removal is hereby being filed within thirty (30) days after the receipt of a copy of the initial pleading and within the time that the defendant would be required to respond to the Summons with Notice served upon it. Because defendant is filing the within Notice of Petition for Removal within thirty (30) days from the date upon which it was first served, said removal is timely.

13.     Numerous Federal Courts, including those in the Southern and Eastern and Western Districts of New York, have held that the 30-day removal period described in U.S.C. §1446(b) commences running as to a particular defendant only when that particular defendant has been served and has knowledge of the case pending against it. This is known as the "last-served defendant" rule. *Varela v. Flintlock Constr., Inc.*, 148 F.Supp.2d 297, 300 (S.D.N.Y. 2001); *Piacente v. State Univ. of New York at Buffalo*, 2004 U.S. Dist. LEXIS 6154, No. 03 Civ. 0672E, 2004 WL 816885 (W.D.N.Y. Feb. 14, 2004); *Carter v. Geldis*, 2002 WL 1159904 (E.D.N.Y. 2002); *Russell v. LJA Trucking, Inc.*, 2001 U.S. Dist. LEXIS 6249 (E.D.N.Y.). The rationale for this rule is that a defendant cannot act until it is served. The last-served defendant rule represents the more sound approach to the dilemma presented by removal where there are multiple defendants that have not been served simultaneously. This is because the last-served

defendant rule "ensures that the last-served defendant's procedural rights do not 'slip away before service of a summons' and before being subject to the jurisdiction of the court." *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp.2d 621, (S.D.N.Y. 2004) (citations omitted). Any other approach would result in unfairness to later served defendants, who would be the victims of machinations performed long before their involvement or even awareness of the pending action.

14.    Accordingly, as the within Notice of Petition for Removal is being filed within thirty (30) days after the receipt of a copy of the initial pleading and within the time that the defendant would be required to respond to the Summons with Notice served upon it, it is timely under the "last-served defendant rule."

**WHEREFORE**, defendant, IVEDCO, LLC requests that the above action now pending against it in the Supreme Court of the State of New York, County of New York, be removed therefrom to this court.

Dated: New York, New York
     June 1, 2006

Respectfully submitted,

HARRIS BEACH PLLC

By:_____
    Frederick H. Fern (FHF 4980)
Attorneys for Defendant
IVEDCO, LLC
805 Third Avenue, 20th Floor
New York, New York 10022
(212) 687-0100

TO:     SULLIVAN PAPAIN BLOCK
        McGRATH & CANNAVO PC
        Attn: Frank V. Floriani, Esq.
        Attorneys for Plaintiffs
        120 Broadway
        New York, New York  10271
        (212) 732-9000


        WHITE FLEISCHNER & PINO, LLP
        Attention: Daniel Stewart, Esq.
        140 Broadway
        New York, New York  10005
        Attorneys for IV FLUSHES, LLC and
        PINNACLE MEDICAL SUPPLY
        (212) 487-9700


202548.1

# EXHIBIT A

SULLIVAN PAPAIN BLOCK McGRATH & CANNAVO P.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

ANGELA EATZ and BARBARA EATZ,                    Index No.

                            Plaintiffs,       Plaintiff designates County as the place
                                    of trial.

      -against-

IV FLUSHES, LLC and PINNACLE MEDICAL SUPPLY,     SUMMONS      0 5 1 1 5 6 0 0

                      Defendants.    The basis of venue is:



                                  Plaintiffs reside at:
                                  69 Lewis Road
                                  Merrick, New York 11566
_____
                                  County of New York

To the above named Defendants

     **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the service of this summons exclusive of the day of service where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint

Dated:     New York, New York
           November 9, 2005

                                SULLIVAN PAPAIN BLOCK
                                McGRATH & CANNAVO PC.

                                By: _____
                                  FRANK V. FLORIANI
                                Attorneys for Plaintiff
                                Office and P.O. Address
                                  120 Broadway
                                  New York, New York 10271
                                  (212) 732-9000

Defendant's address:

IV FLUSHES, LLC
3905 Melcer Drive
Suite 506
Rowlett, Texas 75088

PINNACLE MEDICAL SUPPLY
3905 Melcer Drive
Suite 506
Rowlett, Texas 75088

FILED WITH THE CLERK OF THE COURT ON _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
ANGELA EATZ and BARBARA EATZ,

Plaintiff,

       -against-                                   VERIFIED COMPLAINT

IV FLUSH, LLC and PINNACLE MEDICAL
SUPPLY,

                          Index No.:

               Defendants.          05115800
-------------------------------------------------------------------X

      Plaintiffs, ANGELA EATZ and BARBARA EATZ, by their attorneys, SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, P.C., allege, upon information and belief, and at all times hereinafter mentioned, as follows:

      1.          Plaintiffs, ANGELA EATZ and BARBARA EATZ, reside at 69 Lewis Road, Merrick, New York.

      2.          Defendant, IV FLUSH, LLC ("IV FLUSH"). was and still is a duly organized foreign corporation authorized to do business in the State of New York.

      3.          Defendant, IV FLUSH, regularly does and/or solicits business in the State of New York.

      4.          Defendant, IV FLUSH, derives substantial revenue from goods used or services rendered in the State of New York.

      5.          Defendant, IV FLUSH, derives substantial revenue from interstate commerce.

      6.          Defendant, IV FLUSH, expected or should have reasonably expected its acts to have consequences in the State of New York.

      7.          Defendant, IV FLUSH, did and still does transact business in the State of New York.

8.        Defendant, PINNACLE MEDICAL SUPPLY ("PINNACLE"), was and still is a duly organized foreign corporation authorized to do business in the State of New York.

9.        Defendant, PINNACLE, regularly does and/or solicits business in the State of New York.

10.       Defendant, PINNACLE, derives substantial revenue from goods used or services rendered in the State of New York.

11.       Defendant, PINNACLE, derives substantial revenue from interstate commerce.

12.       Defendant, PINNACLE, expected or should have reasonably expected its acts to have consequences in the State of New York.

13.       Defendant, PINNACLE, did and still does transact business in the state of New York.

### FIRST CAUSE

14.       Defendant, IV FLUSH, was and still is in the business of, amongst other things, manufacturing medical supplies.

15.       Defendant, PINNACLE, was and still is in the business of, amongst other things, distributing medical supplies.

16.       In or about October of 2004 defendant, IV FLUSH, manufactured preloaded syringes containing either heparin or sodium chloride intravenous catheter flushes.

17.       These syringes were used to flush out broviac lines inserted into patients as ports for chemotherapy and other medications.

18.       In or around October of 2004, defendant, PINNACLE, distributed a number of the subject syringes containing heparin and manufactured by defendant, IV FLUSH, to TRINITY HOME HEALTH CARE ("TRINITY").

2

19.     On or about August 8, 2002, plaintiff, ANGELA EATZ, was diagnosed with leukemia.

20.     On or about August 12, 2004, plaintiff, ANGELA EATZ, received a bone marrow transplant at Long Island Jewish Schneider's Children's Hospital.

21.     In connection with the bone marrow transplant, a broviac line was inserted into plaintiff, ANGELA EATZ.

22.     Following the transplant, plaintiff, ANGELA EATZ, was sent home with the broviac line still inserted.

23.     Plaintiff, ANGELA EATZ, received instructions to flush out the line with heparin solution.

24.     In October of 2004, TRINITY provided plaintiff, ANGELA EATZ, with several of the subject syringes containing heparin.

25.     Trinity gave plaintiff, ANGELA EATZ, instructions to use the subject syringes twice a day beginning in October of 2004.

26.     The subject syringes provided to plaintiff, ANGELA EATZ, were manufactured by defendant, IV FLUSH.

27.     The subject syringes provided to plaintiff, ANGELA EATZ, by Trinity were distributed by defendant, PINNACLE.

28.     In or around January of 2005, the FDA issued a nationwide alert against the use of all lots of preloaded syringes containing heparin or sodium chloride intravenous catheter flushes that were manufactured by defendant, IV FLUSH, and distributed by defendant, PINNACLE.

29.     The FDA issued the nationwide alert because the subject syringes did not receive proper FDA clearance.

30.     The FDA issued the nationwide alert because the subject syringes may have been contaminated.

31.        In or around January of 2005, the FDA received notice of P seudomonas fluorescens (hereinafter referred to as "P. flourescens") infections possibly caused by syringes containing heparin or sodium chloride intravenous catheter flushes that were manufactured by defendant, IV FLUSH, and distributed by defendant, PINNACLE.

32.        The subject syringes could be identified by the label which read in part, "IV Flush Dallas, TX."

33.        In December of 2004, plaintiff, ANGELA EATZ, developed a P. flourescens infection in her broviac line.

34.        From December 11, 2004 through December 18, 2004, plaintiff ANGELA EATZ, received treatment at Long Island Jewish Schneider's Children's Hospital for the P. flourescens infection in her broviac line.

35.        From January 5, 2005 through January 12, 2005, plaintiff, ANGELA EATZ, received treatment again at Long Island Jewish Schneider's Children's Hospital for the P. flourescens infection in her broviac line.

36.        As a result of the above, plaintiff, ANGELA EATZ, was injured.

37.        The injuries to plaintiff, ANGELA EATZ, were caused by reason of the negligence, carelessness and recklessness of defendants, IV FLUSH and PINNACLE.

38.        Any joint and several liability of the defendants, IV FLUSH and PINNACLE, is not limited by CPLR §1601 by reason of the exemptions and/or exceptions set forth in Article 16 of the CPLR.

39.        By reason of the foregoing, plaintiff, ANGELA EATZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## SECOND CAUSE

40.        Plaintiff, ANGELA EATZ, realleges, repeats and reiterates each and every allegation set forth above with the same force and effect as if fully set forth below at length.

4

41.         Defendant, IV FLUSH, in connection with its business and activities aforementioned, warranted and represented, expressly and impliedly, that the subject syringes were safe and proper for the purposes for which they were intended to be used.

42.         Defendant, PINNACLE, in connection with its business and activities aforementioned, warranted and represented, expressly and impliedly, that the subject syringes were safe and proper for the purposes for which they were intended to be used.

43.         Plaintiff, ANGELA EATZ, relied upon the skill and judgment of defendant, IV FLUSH.

44.         Plaintiff, ANGELA EATZ, relied upon the skill and judgment of defendant, PINNACLE.

45.         Plaintiff, ANGELA EATZ, relied upon all the representations and warranties made by defendant, IV FLUSH.

46.         Plaintiff, ANGELA EATZ, relied upon all the representations and warranties made by defendant, PINNACLE.

47.         All the aforementioned representations were false, misleading, and inaccurate in that the subject syringes were unsafe, unsound, unreasonably dangerous, hazardous and not reasonably safe for their intended use.

48.         The aforesaid occurrence and resulting serious injuries to plaintiff, ANGELA EATZ, were caused by the breach of express warranties by defendant, IV FLUSH.

49.         The aforesaid occurrence and resulting serious injuries to plaintiff, ANGELA EATZ, were caused by the breach of express warranties by defendant, PINNACLE.

50.         Any joint and several liability of the defendants, IV FLUSH and PINNACLE, is not limited by CPLR §1601 by reason of the exemptions and/or exceptions set forth in Article 16 of the CPLR.

51.          By reason of the foregoing, plaintiff, ANGELA EATZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## THIRD CAUSE

52.          Plaintiff, ANGELA EATZ, realleges, repeats and reiterates each and every allegation set forth above with the same force and effect as if fully set forth below at length.

53.          Defendant, IV FLUSH, was in breach of its implied warranties.

54.          Defendant, PINNACLE, was in breach of its implied warranties.

55.          The aforesaid occurrence and resulting serious injuries to plaintiff, ANGELA EATZ, were caused by the breach of implied warranties by defendant, IV FLUSH.

56.          The aforesaid occurrence and resulting serious injuries to plaintiff, ANGELA EATZ, were caused by the breach of implied warranties by defendant, PINNACLE.

57.          Any joint and several liability of the defendants, IV FLUSH and PINNACLE, is not limited by CPLR §1601 by reason of the exemptions and/or exceptions set forth in Article 16 of the CPLR.

58.          By reason of the foregoing, plaintiff, ANGELA EATZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## FOURTH CAUSE

59.          Plaintiff, ANGELA EATZ, realleges, repeats and reiterates each and every allegation set forth above with the same force and effect as if fully set forth below at length.

60.          At the time of the design, manufacture, distribution and sale, the subject syringes were in a defective, hazardous and unreasonably dangerous condition.

6

61.    The defects complained of in the subject syringes were substantial contributing factors in causing the aforesaid occurrence and resulting serious injuries sustained by plaintiff, ANGELA EATZ.

62.    Defendant, IV FLUSH, has become strictly liable in tort for the design, manufacture, testing, inspection, distribution and/or sale of a defective product, the subject syringes, which defects caused the aforesaid occurrence and resulting serious injuries sustained by plaintiff, ANGELA EATZ.

63.    Defendant, PINNACLE, has become strictly liable in tort for the design, manufacture, testing, inspection, distribution and/or sale of a defective product, the subject syringes, which defects caused the aforesaid occurrence and resulting serious injuries sustained by plaintiff, ANGELA EATZ.

64.    Any joint and several liability of the defendants, IV FLUSH and PINNACLE, is not limited by CPLR §1601 by reason of the exemptions and/or exceptions set forth in Article 16 of the CPLR.

65.    By reason of the foregoing, plaintiff, ANGELA EATZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## FIFTH CAUSE

66.    Plaintiff, BARBARA EATZ, realleges, repeats and reiterates each and every allegation set forth above with the same force and effect as if fully set forth below at length.

67.    Plaintiff, BARBARA EATZ, is the mother of plaintiff, ANGELA EATZ.

68.    As a direct and proximate result of defendant IV FLUSH's conduct described herein, Plaintiff, BARBARA EATZ, has been caused the loss of her daughter's companionship, services, society, emotional support and consortium.

69.    As a direct and proximate result of defendant PINNACLE's conduct described herein, Plaintiff, BARBARA EATZ, has been caused the loss of her daughter's companionship, services, society, emotional support and consortium.

70.    By reason of the foregoing, plaintiff, BARBARA EATZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

WHEREFORE, Plaintiffs, ANGELA EATZ and BARBARA EATZ, demand judgment against defendants, IV FLUSH and PINNACLE, including punitive and exemplary damages, in a sum exceeding the jurisdictional limits of all lower courts with regard to her causes of action, separately and individually, together with the interest, costs and disbursements of this action.

Dated: New York, New York
      November 9, 2005

Yours, etc.

SULLIVAN PAPAIN BLOCK
MCGRATH & CANNAVO, P.C.

_____
FRANK V. FLORIANI
Attorneys for Plaintiffs
120 Broadway
New York, New York, 10271
(212) 732-9000

8

## VERIFICATION

FRANK V. FLORIANI, an attorney at law, duly admitted to practice in the Courts of this State, affirms the following under the penalties of perjury:

I am a member of the firm of SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, P.C., attorneys for the plaintiffs in this action. I have read the foregoing complaint and know the contents thereof, and upon information and belief, I believe the matters alleged therein to be true.

The source of my information and the grounds of my belief are communications, papers, reports and investigations contained in the file.

Dated: New York, New York
       November 9, 2005

                                            _____
                                            FRANK V. FLORIANI

9

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ANGELA EATZ and BARBARA EATZ,

Index No. 115800/05

Plaintiff(s),

Plaintiff(s) designate(s)
NEW YORK
County as the place of trial.

-against-

IV FLUSHES, LLC, PINNACLE MEDICAL SUPPLY and
IVEDCO, LLC,

**SUPPLEMENTAL SUMMONS**

The basis of venue is:

Defendant(s).

Plaintiff(s) reside(s) at:
69 Lewis Road
Merrick, New York 11566
County of NASSAU

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the service of this summons exclusive of the day of service where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:     New York, New York
           April 19, 2006

SULLIVAN PAPAIN BLOCK
McGRATH & CANNAVO PC.

**FILED**

APR 2 1 2006

NEW YORK
COUNTY CLERK'S OFFICE

By:_____
    FRANK V. FLORIANI
    Attorneys for Plaintiff
    Office and P.O. Address
    120 Broadway
    New York, New York 10271
    (212) 732-9000

Defendant(s) address(es) :

IV FLUSHES, LLC              PINNACLE MEDICAL SUPPLY       IVEDCO, LLC
3905 Melcer Drive           3905 Melcer Drive             8702 N Royal LN
Suite 506                    Suite 506                     Irving, Texas 75063

Rowlett, Texas 75088         Rowlett, Texas 75088

FILED WITH THE CLERK OF THE COURT ON _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
ANGELA EATZ and BARBARA EATZ,

                              Plaintiff,

              -against-                                    AMENDED COMPLAINT

IV FLUSH, LLC, PINNACLE MEDICAL
SUPPLY and IVEDCO, LLC,                           Index No.: 15800/05

                              Defendants.
-------------------------------------------------------------------X

    Plaintiffs, ANGELA EATZ and BARBARA EATZ, by their attorneys,

SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, P.C., allege, upon information

and belief, and at all times hereinafter mentioned, as follows:

1.     Plaintiffs, ANGELA EATZ and BARBARA EATZ, reside at 69 Lewis
   Road, Merrick, New York.

2.     Defendant, IV FLUSH, LLC ("IV FLUSH"), was and still is a duly
   organized foreign corporation authorized to do business in the State of New
   York.

3.     Defendant, IV FLUSH, regularly does and/or solicits business in the State of
   New York.

4.     Defendant, IV FLUSH, derives substantial revenue from goods used or
   services rendered in the State of New York.

5.     Defendant, IV FLUSH, derives substantial revenue from interstate
   commerce.

6.     Defendant, IV FLUSH, expected or should have reasonably expected its acts
   to have consequences in the State of New York.

7.     Defendant, IV FLUSH, did and still does transact business in the State of
   New York.

FILED

APR 2 1 2006

NEW YORK
COUNTY CLERK'S OFFICE

8.  Defendant, PINNACLE MEDICAL SUPPLY ("PINNACLE"), was and still is a duly organized foreign corporation authorized to do business in the State of New York.

9.  Defendant, PINNACLE, regularly does and/or solicits business in the State of New York.

10. Defendant, PINNACLE, derives substantial revenue from goods used or services rendered in the State of New York.

11. Defendant, PINNACLE, derives substantial revenue from interstate commerce.

12. Defendant, PINNACLE, expected or should have reasonably expected its acts to have consequences in the State of New York.

13. Defendant, PINNACLE, did and still does transact business in the state of New York.

14. Defendant, IVEDCO, LLC ("IVEDCO") was and still is a duly organized foreign corporation authorized to do business in the State of New York.

15. Defendant, IVEDCO, regularly does and/or solicits business in the State of New York.

16. Defendant, IVEDCO, derives substantial revenue from goods used or services rendered in the State of New York.

17. Defendant, IVEDCO, derives substantial revenue from interstate commerce.

18. Defendant, IVEDCO, expected or should have reasonably expected its acts to have consequences in the State of New York.

19. Defendant, IVEDCO, did and still does transact business in the State of New York.

## FIRST CAUSE

20.    Defendant, IV FLUSH, was and still is in the business of, amongst other things, manufacturing medical supplies.

21.    Defendant, PINNACLE, was and still is in the business of, amongst other things, distributing medical supplies.

22.    Defendant, IVEDCO, was and still is in the business of, amongst other things, distributing medical supplies.

23.    In or about October of 2004 defendant, IV FLUSH, manufactured preloaded syringes containing either heparin or sodium chloride intravenous catheter flushes.

24.    These syringes were used to flush out broviac lines inserted into patients as ports for chemotherapy and other medications.

25.    In or around October of 2004, defendant, PINNACLE, distributed a number of the subject syringes containing heparin and manufactured by defendant, IV FLUSH, to TRINITY HOME HEALTH CARE ("TRINITY").

26.    The subject syringes provided to plaintiff, ANGELA EATZ, were manufactured and/or treated and/or processed by defendant, IVEDCO.

27.    On or about August 8, 2002, plaintiff, ANGELA EATZ, was diagnosed with leukemia.

28.    On or about August 12, 2004, plaintiff, ANGELA EATZ, received a bone marrow transplant at Long Island Jewish Schneider's Children's Hospital.

29.    In connection with the bone marrow transplant, a broviac line was inserted into plaintiff, ANGELA EATZ.

30.    Following the transplant, plaintiff, ANGELA EATZ, was sent home with the broviac line still inserted.

31.    Plaintiff, ANGELA EATZ, received instructions to flush out the line with heparin solution.

32.    In October of 2004, TRINITY provided plaintiff, ANGELA EATZ, with several of the subject syringes containing heparin.

33.    TRINITY gave plaintiff, ANGELA EATZ, instructions to use the subject syringes twice a day beginning in October of 2004.

34.    The subject syringes provided to plaintiff, ANGELA EATZ, were manufactured by defendant, IV FLUSH.

35.    The subject syringes provided to plaintiff, ANGELA EATZ, were manufactured and/or treated and/or processed by defendant, IVEDCO.

36.    The subject syringes provided to plaintiff, ANGELA EATZ, by TRINITY were distributed by defendant, PINNACLE.

37.    In or around January of 2005, the FDA issued a nationwide alert against the use of all lots of preloaded syringes containing heparin or sodium chloride intravenous catheter flushes that were manufactured and/or treated and/or processed by defendant, IV FLUSH and IVEDCO, and distributed by defendant, PINNACLE.

38.    The FDA issued the nationwide alert because the subject syringes did not receive proper FDA clearance.

39.    The FDA issued the nationwide alert because the subject syringes may have been contaminated.

40.    In or around January of 2005, the FDA received notice of P seudomonas fluorescens (hereinafter referred to as "P. flourescens") infections possibly caused by syringes containing heparin or sodium chloride intravenous catheter flushes that were manufactured by defendant, IV FLUSH, and distributed by defendant, PINNACLE.

41.    In or around January of 2005, the FDA received notice of P seudomonas fluorescens (hereinafter referred to as "P. flourescens") infections possibly caused by syringes containing heparin or sodium chloride intravenous

4

catheter flushes that were manufactured by defendant, IVEDCO, and distributed by defendant, IVEDCO.

42. The subject syringes could be identified by the label which read in part, "IV Flush Dallas, TX."

43. In December of 2004, plaintiff, ANGELA EATZ, developed a P. flourescens infection in her broviac line.

44. From December 11, 2004 through December 18, 2004, plaintiff ANGELA EATZ, received treatment at Long Island Jewish Schneider's Children's Hospital for the P. flourescens infection in her broviac line.

45. From January 5, 2005 through January 12, 2005, plaintiff, ANGELA EATZ, received treatment again at Long Island Jewish Schneider's Children's Hospital for the P. flourescens infection in her broviac line.

46. As a result of the above, plaintiff, ANGELA EATZ, was injured.

47. The injuries to plaintiff, ANGELA EATZ, were caused by reason of the negligence, carelessness and recklessness of defendants, IV FLUSH, PINNACLE and IVEDCO.

48. Any joint and several liability of the defendants, IV FLUSH, PINNACLE and IVEDCO, is not limited by CPLR §1601 by reason of the exemptions and/or exceptions set forth in Article 16 of the CPLR.

49. By reason of the foregoing, plaintiff, ANGELA EATZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## SECOND CAUSE

50. Plaintiff, ANGELA EATZ, realleges, repeats and reiterates each and every allegation set forth above with the same force and effect as if fully set forth below at length.

51.  Defendant, IV FLUSH, in connection with its business and activities aforementioned, warranted and represented, expressly and impliedly, that the subject syringes were safe and proper for the purposes for which they were intended to be used.

52.  Defendant, PINNACLE, in connection with its business and activities aforementioned, warranted and represented, expressly and impliedly, that the subject syringes were safe and proper for the purposes for which they were intended to be used.

53.  Defendant, IVEDCO, in connection with its business and activities aforementioned, warranted and represented, expressly and impliedly, that the subject syringes were safe and proper for the purposes for which they were intended to be used.

54.  Plaintiff, ANGELA EATZ, relied upon the skill and judgment of defendant, IV FLUSH.

55.  Plaintiff, ANGELA EATZ, relied upon the skill and judgment of defendant, PINNACLE.

56.  Plaintiff, ANGELA EATZ, relied upon the skill and judgment of defendant, IVEDCO.

57.  Plaintiff, ANGELA EATZ, relied upon all the representations and warranties made by defendant, IV FLUSH.

58.  Plaintiff, ANGELA EATZ, relied upon all the representations and warranties made by defendant, PINNACLE.

59.  Plaintiff, ANGELA EATZ, relied upon all the representations and warranties made by defendant, IVEDCO.

60.  All the aforementioned representations were false, misleading, and inaccurate in that the subject syringes were unsafe, unsound, unreasonably dangerous, hazardous and not reasonably safe for their intended use.

6

61. The aforesaid occurrence and resulting serious injuries to plaintiff, ANGELA EATZ, were caused by the breach of express warranties by defendant, IV FLUSH.

62. The aforesaid occurrence and resulting serious injuries to plaintiff, ANGELA EATZ, were caused by the breach of express warranties by defendant, PINNACLE.

63. The aforesaid occurrence and resulting serious injuries to plaintiff, ANGELA EATZ, were caused by the breach of express warranties by defendant, IVEDCO.

64. Any joint and several liability of the defendants, IV FLUSH and PINNACLE, is not limited by CPLR §1601 by reason of the exemptions and/or exceptions set forth in Article 16 of the CPLR.

65. Any joint and several liability of the defendants, IVEDCO, is not limited by CPLR §1601 by reason of the exemptions and/or exceptions set forth in Article 16 of the CPLR.

66. By reason of the foregoing, plaintiff, ANGELA EATZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

### THIRD CAUSE

67. Plaintiff, ANGELA EATZ, realleges, repeats and reiterates each and every allegation set forth above with the same force and effect as if fully set forth below at length.

68. Defendant, IV FLUSH, was in breach of its implied warranties.

69. Defendant, PINNACLE, was in breach of its implied warranties.

70. Defendant, IVEDCO, was in breach of its implied warranties.

71.  The aforesaid occurrence and resulting serious injuries to plaintiff, ANGELA EATZ, were caused by the breach of implied warranties by defendant, IV FLUSH.

72.  The aforesaid occurrence and resulting serious injuries to plaintiff, ANGELA EATZ, were caused by the breach of implied warranties by defendant, PINNACLE.

73.  The aforesaid occurrence and resulting serious injuries to plaintiff, ANGELA EATZ, were caused by the breach of implied warranties by defendant, IVEDCO.

74.  Any joint and several liability of the defendants, IV FLUSH, PINNACLE and IVEDCO, is not limited by CPLR §1601 by reason of the exemptions and/or exceptions set forth in Article 16 of the CPLR.

75.  Any joint and several liability of the defendants, IVEDCO, is not limited by CPLR §1601 by reason of the exemptions and/or exceptions set forth in Article 16 of the CPLR.

76.  By reason of the foregoing, plaintiff, ANGELA EATZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## FOURTH CAUSE

77.  Plaintiff, ANGELA EATZ, realleges, repeats and reiterates each and every allegation set forth above with the same force and effect as if fully set forth below at length.

78.  At the time of the design, manufacture, distribution and sale, the subject syringes were in a defective, hazardous and unreasonably dangerous condition.

79. The defects complained of in the subject syringes were substantial contributing factors in causing the aforesaid occurrence and resulting serious injuries sustained by plaintiff, ANGELA EATZ.

80. Defendant, IV FLUSH, has become strictly liable in tort for the design, manufacture, testing, inspection, distribution and/or sale of a defective product, the subject syringes, which defects caused the aforesaid occurrence and resulting serious injuries sustained by plaintiff, ANGELA EATZ.

81. Defendant, PINNACLE, has become strictly liable in tort for the design, manufacture, testing, inspection, distribution and/or sale of a defective product, the subject syringes, which defects caused the aforesaid occurrence and resulting serious injuries sustained by plaintiff, ANGELA EATZ.

82. Defendant, IVEDCO, has become strictly liable in tort for the design, manufacture, testing, inspection, treatment, processing, distribution and/or sale of a defective product, the subject syringes, which defects caused the aforesaid occurrence and resulting serious injuries sustained by plaintiff, ANGELA EATZ.

83. Any joint and several liability of the defendants, IV FLUSH, PINNACLE and IVEDCO, is not limited by CPLR §1601 by reason of the exemptions and/or exceptions set forth in Article 16 of the CPLR.

84. By reason of the foregoing, plaintiff, ANGELA EATZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## FIFTH CAUSE

85. Plaintiff, BARBARA EATZ, realleges, repeats and reiterates each and every allegation set forth above with the same force and effect as if fully set forth below at length.

86. Plaintiff, BARBARA EATZ, is the mother of plaintiff, ANGELA EATZ.

87.    As a direct and proximate result of defendant IV FLUSH's conduct described herein, Plaintiff, BARBARA EATZ, has been caused the loss of her daughter's companionship, services, society, emotional support and consortium.

88.    As a direct and proximate result of defendant PINNACLE's conduct described herein, Plaintiff, BARBARA EATZ, has been caused the loss of her daughter's companionship, services, society, emotional support and consortium.

89.    As a direct and proximate result of defendant IVEDCO conduct described herein, Plaintiff, BARBARA EATZ, has been caused the loss of her daughter's companionship, services, society, emotional support and consortium.

90.    By reason of the foregoing, plaintiff, BARBARA EATZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

WHEREFORE, Plaintiffs, ANGELA EATZ and BARBARA EATZ, demand judgment against defendants, IV FLUSH, PINNACLE and IVEDCO, including punitive and exemplary damages, in a sum exceeding the jurisdictional limits of all lower courts with regard to their causes of action, separately and individually, together with the interest, costs and disbursements of this action.

Dated:  New York, New York
        April 19, 2006

                                        Yours, etc.

                                        SULLIVAN PAPAIN BLOCK
                                        MCGRATH & CANNAVO, P.C.


                                        _____
                                        FRANK V. FLORIANI

10

Attorneys for Plaintiffs
120 Broadway
New York, New York, 10271
(212) 732-9000

## VERIFICATION

FRANK V. FLORIANI, an attorney at law, duly admitted to practice in the Courts of this State, affirms the following under the penalties of perjury:

I am a member of the firm of SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, P.C., attorneys for the plaintiffs in this action. I have read the foregoing complaint and know the contents thereof, and upon information and belief, I believe the matters alleged therein to be true.

The source of my information and the grounds of my belief are communications, papers, reports and investigations contained in the file.

Dated: New York, New York
      April 10, 2006

FRANK V. FLORIANI

Index No. 115800/05

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ANGELA EATZ and BARBARA EATZ

                                    Plaintiff(s),

                    -against-

IV FLUSHES, LLC and PINNACLE MEDICAL SUPPLY

                                    Defendant(s),

FILED
APR 2 1 2006
NEW YORK
COUNTY CLERK'S OFFICE

## (SUPPLEMENTAL SUMMONS AND AMENDED COMPLAINT)

### SULLIVAN PAPAIN BLOCK McGRATH & CANNAVO P.C.
*Attorneys for*

Plaintiff(s)

120 BROADWAY
NEW YORK, NEW YORK 10271
(212) 732-9000

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:...........................*

Signature......................................................

Print Signer's Name...............................................

*Service of a copy of the within*                                                *is hereby admitted.*

*Dated:*

*Attorney(s) for*

*PLEASE TAKE NOTICE*

☐  *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within named Court on*                        *20*
ENTRY

☐  *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF   *Hon.                                one of the judges of the within named Court,*
SETTLEMENT  *at*
            *on:                  20      , at                    M.*

*Dated:*

### SULLIVAN PAPAIN BLOCK McGRATH & CANNAVO P.C.
*Attorneys for*

120 BROADWAY
NEW YORK, NEW YORK 10271

To:

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ANGELA EATZ and BARBARA EATZ,

                    Plaintiff(s),

              -against-

IV FLUSHES, LLC, PINNACLE MEDICAL SUPPLY and
IVEDCO, LLC,

                    Defendant(s).

Index No. 115800/05

Plaintiff(s) designate(s)
NEW YORK
County as the place of trial.

**SECOND SUPPLEMENTAL
SUMMONS**

The basis of venue is:

Plaintiff(s) reside(s) at:
69 Lewis Road
Merrick, New York 11566
County of NASSAU

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the service of this summons exclusive of the day of service where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated;      New York, New York
            April 26, 2006

SULLIVAN PAPAIN BLOCK
McGRATH & CANNAVO PC.

By:_____
       FRANK V. FLORIANI
       Attorneys for Plaintiff
       Office and P.O. Address
       120 Broadway
       New York, New York 10271
       (212) 732-9000

RECEIVED
APR 2 7 2006
TRIAL SUPPORT OFFICE

NEW YORK
COUNTY CLERK'S OFFICE
APR 2 7 2006
NOT COMPARED
WITH COPY FILED

Defendant(s) address(es) :

IV FLUSHES, LLC
3905 Melcer Drive
Suite 506

Rowlett, Texas 75088

PINNACLE MEDICAL SUPPLY
3905 Melcer Drive
Suite 506

Rowlett, Texas 75088

IVEDCO, LLC
8702 N Royal LN
Irving, Texas 75063

FILED WITH THE CLERK OF THE COURT ON _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
ANGELA EATZ and BARBARA EATZ,

                          Plaintiff,
                                                              SECOND
          -against-                                           AMENDED COMPLAINT

IV FLUSH, LLC, PINNACLE MEDICAL
SUPPLY and IVEDCO, LLC,                                       Index No.: 15800/05

                          Defendants.
------------------------------------------------------------------X

     Plaintiffs, ANGELA EATZ and BARBARA EATZ, by their attorneys, SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, P.C., allege, upon information and belief, and at all times hereinafter mentioned, as follows:

1.     Plaintiffs, ANGELA EATZ and BARBARA EATZ, reside at 69 Lewis Road, Merrick, New York.

2.     Defendant, IV FLUSH, LLC ("IV FLUSH"), was and still is a duly organized foreign corporation authorized to do business in the State of New York.

3.     Defendant, IV FLUSH, regularly does and/or solicits business in the State of New York.

4.     Defendant, IV FLUSH, derives substantial revenue from goods used or services rendered in the State of New York.

5.     Defendant, IV FLUSH, derives substantial revenue from interstate commerce.

6.     Defendant, IV FLUSH, expected or should have reasonably expected its acts to have consequences in the State of New York.

7.     Defendant, IV FLUSH, did and still does transact business in the State of New York.

1

8. Defendant, PINNACLE MEDICAL SUPPLY ("PINNACLE"), was and still is a duly organized foreign corporation authorized to do business in the State of New York.

9. Defendant, PINNACLE, regularly does and/or solicits business in the State of New York.

10. Defendant, PINNACLE, derives substantial revenue from goods used or services rendered in the State of New York.

11. Defendant, PINNACLE, derives substantial revenue from interstate commerce.

12. Defendant, PINNACLE, expected or should have reasonably expected its acts to have consequences in the State of New York.

13. Defendant, PINNACLE, did and still does transact business in the state of New York.

14. Defendant, IVEDCO, LLC ("IVEDCO") was and still is a duly organized foreign corporation authorized to do business in the State of New York.

15. Defendant, IVEDCO, regularly does and/or solicits business in the State of New York.

16. Defendant, IVEDCO, derives substantial revenue from goods used or services rendered in the State of New York.

17. Defendant, IVEDCO, derives substantial revenue from interstate commerce.

18. Defendant, IVEDCO, expected or should have reasonably expected its acts to have consequences in the State of New York.

19. Defendant, IVEDCO, did and still does transact business in the State of New York.

2

## FIRST CAUSE

20.  Defendant, IV FLUSH, was and still is in the business of, amongst other things, manufacturing medical supplies.

21.  Defendant, PINNACLE, was and still is in the business of, amongst other things, distributing medical supplies.

22.  Defendant, IVEDCO, was and still is in the business of, amongst other things, distributing medical supplies.

23.  In or about October of 2004 defendant, IV FLUSH, manufactured preloaded syringes containing either heparin or sodium chloride intravenous catheter flushes.

24.  These syringes were used to flush out broviac lines inserted into patients as ports for chemotherapy and other medications.

25.  In or around October of 2004, defendant, PINNACLE, distributed a number of the subject syringes containing heparin and manufactured by defendant, IV FLUSH, to TRINITY HOME HEALTH CARE ("TRINITY").

26.  The subject syringes provided to plaintiff, ANGELA EATZ, were manufactured and/or treated and/or processed by defendant, IVEDCO.

27.  On or about August 8, 2002, plaintiff, ANGELA EATZ, was diagnosed with leukemia.

28.  On or about August 12, 2004, plaintiff, ANGELA EATZ, received a bone marrow transplant at Long Island Jewish Schneider's Children's Hospital.

29.  In connection with the bone marrow transplant, a broviac line was inserted into plaintiff, ANGELA EATZ.

30.  Following the transplant, plaintiff, ANGELA EATZ, was sent home with the broviac line still inserted.

31.  Plaintiff, ANGELA EATZ, received instructions to flush out the line with heparin solution.

3

32.    In October of 2004, TRINITY provided plaintiff, ANGELA EATZ, with several of the subject syringes containing heparin.

33.    TRINITY gave plaintiff, ANGELA EATZ, instructions to use the subject syringes twice a day beginning in October of 2004.

34.    The subject syringes provided to plaintiff, ANGELA EATZ, were manufactured by defendant, IV FLUSH.

35.    The subject syringes provided to plaintiff, ANGELA EATZ, were manufactured and/or treated and/or processed by defendant, IVEDCO.

36.    The subject syringes provided to plaintiff, ANGELA EATZ, by TRINITY were distributed by defendant, PINNACLE.

37.    In or around January of 2005, the FDA issued a nationwide alert against the use of all lots of preloaded syringes containing heparin or sodium chloride intravenous catheter flushes that were manufactured and/or treated and/or processed by defendant, IV FLUSH and IVEDCO, and distributed by defendant, PINNACLE.

38.    The FDA issued the nationwide alert because the subject syringes did not receive proper FDA clearance.

39.    The FDA issued the nationwide alert because the subject syringes may have been contaminated.

40.    In or around January of 2005, the FDA received notice of P seudomonas fluorescens (hereinafter referred to as "P. flourescens") infections possibly caused by syringes containing heparin or sodium chloride intravenous catheter flushes that were manufactured by defendant, IV FLUSH, and distributed by defendant, PINNACLE.

41.    In or around January of 2005, the FDA received notice of P seudomonas fluorescens (hereinafter referred to as "P. flourescens") infections possibly caused by syringes containing heparin or sodium chloride intravenous

4

catheter flushes that were manufactured by defendant, IVEDCO, and distributed by defendant, IVEDCO.

42. The subject syringes could be identified by the label which read in part, "IV Flush Dallas, TX."

43. In December of 2004, plaintiff, ANGELA EATZ, developed a P. flourescens infection in her broviac line.

44. From December 11, 2004 through December 18, 2004, plaintiff ANGELA EATZ, received treatment at Long Island Jewish Schneider's Children's Hospital for the P. flourescens infection in her broviac line.

45. From January 5, 2005 through January 12, 2005, plaintiff, ANGELA EATZ, received treatment again at Long Island Jewish Schneider's Children's Hospital for the P. flourescens infection in her broviac line.

46. As a result of the above, plaintiff, ANGELA EATZ, was injured.

47. The injuries to plaintiff, ANGELA EATZ, were caused by reason of the negligence, carelessness and recklessness of defendants, IV FLUSH, PINNACLE and IVEDCO.

48. Any joint and several liability of the defendants, IV FLUSH, PINNACLE and IVEDCO, is not limited by CPLR §1601 by reason of the exemptions and/or exceptions set forth in Article 16 of the CPLR.

49. By reason of the foregoing, plaintiff, ANGELA EATZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## SECOND CAUSE

50. Plaintiff, ANGELA EATZ, realleges, repeats and reiterates each and every allegation set forth above with the same force and effect as if fully set forth below at length.

5

51.     Defendant, IV FLUSH, in connection with its business and activities aforementioned, warranted and represented, expressly and impliedly, that the subject syringes were safe and proper for the purposes for which they were intended to be used.

52.     Defendant, PINNACLE, in connection with its business and activities aforementioned, warranted and represented, expressly and impliedly, that the subject syringes were safe and proper for the purposes for which they were intended to be used.

53.     Defendant, IVEDCO, in connection with its business and activities aforementioned, warranted and represented, expressly and impliedly, that the subject syringes were safe and proper for the purposes for which they were intended to be used.

54.     Plaintiff, ANGELA EATZ, relied upon the skill and judgment of defendant, IV FLUSH.

55.     Plaintiff, ANGELA EATZ, relied upon the skill and judgment of defendant, PINNACLE.

56.     Plaintiff, ANGELA EATZ, relied upon the skill and judgment of defendant, IVEDCO.

57.     Plaintiff, ANGELA EATZ, relied upon all the representations and warranties made by defendant, IV FLUSH.

58.     Plaintiff, ANGELA EATZ, relied upon all the representations and warranties made by defendant, PINNACLE.

59.     Plaintiff, ANGELA EATZ, relied upon all the representations and warranties made by defendant, IVEDCO.

60.     All the aforementioned representations were false, misleading, and inaccurate in that the subject syringes were unsafe, unsound, unreasonably dangerous, hazardous and not reasonably safe for their intended use.

61.    The aforesaid occurrence and resulting serious injuries to plaintiff, ANGELA EATZ, were caused by the breach of express warranties by defendant, IV FLUSH.

62.    The aforesaid occurrence and resulting serious injuries to plaintiff, ANGELA EATZ, were caused by the breach of express warranties by defendant, PINNACLE.

63.    The aforesaid occurrence and resulting serious injuries to plaintiff, ANGELA EATZ, were caused by the breach of express warranties by defendant, IVEDCO.

64.    Any joint and several liability of the defendants, IV FLUSH and PINNACLE, is not limited by CPLR §1601 by reason of the exemptions and/or exceptions set forth in Article 16 of the CPLR.

65.    Any joint and several liability of the defendants, IVEDCO, is not limited by CPLR §1601 by reason of the exemptions and/or exceptions set forth in Article 16 of the CPLR.

66.    By reason of the foregoing, plaintiff, ANGELA EATZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## THIRD CAUSE

67.    Plaintiff, ANGELA EATZ, realleges, repeats and reiterates each and every allegation set forth above with the same force and effect as if fully set forth below at length.

68.    Defendant, IV FLUSH, was in breach of its implied warranties.

69.    Defendant, PINNACLE, was in breach of its implied warranties.

70.    Defendant, IVEDCO, was in breach of its implied warranties.

7

71.    The aforesaid occurrence and resulting serious injuries to plaintiff, ANGELA EATZ, were caused by the breach of implied warranties by defendant, IV FLUSH.

72.    The aforesaid occurrence and resulting serious injuries to plaintiff, ANGELA EATZ, were caused by the breach of implied warranties by defendant, PINNACLE.

73.    The aforesaid occurrence and resulting serious injuries to plaintiff, ANGELA EATZ, were caused by the breach of implied warranties by defendant, IVEDCO.

74.    Any joint and several liability of the defendants, IV FLUSH, PINNACLE and IVEDCO, is not limited by CPLR §1601 by reason of the exemptions and/or exceptions set forth in Article 16 of the CPLR.

75.    Any joint and several liability of the defendants, IVEDCO, is not limited by CPLR §1601 by reason of the exemptions and/or exceptions set forth in Article 16 of the CPLR.

76.    By reason of the foregoing, plaintiff, ANGELA EATZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## FOURTH CAUSE

77.    Plaintiff, ANGELA EATZ, realleges, repeats and reiterates each and every allegation set forth above with the same force and effect as if fully set forth below at length.

78.    At the time of the design, manufacture, distribution and sale, the subject syringes were in a defective, hazardous and unreasonably dangerous condition.

79. The defects complained of in the subject syringes were substantial contributing factors in causing the aforesaid occurrence and resulting serious injuries sustained by plaintiff, ANGELA EATZ.

80. Defendant, IV FLUSH, has become strictly liable in tort for the design, manufacture, testing, inspection, distribution and/or sale of a defective product, the subject syringes, which defects caused the aforesaid occurrence and resulting serious injuries sustained by plaintiff, ANGELA EATZ.

81. Defendant, PINNACLE, has become strictly liable in tort for the design, manufacture, testing, inspection, distribution and/or sale of a defective product, the subject syringes, which defects caused the aforesaid occurrence and resulting serious injuries sustained by plaintiff, ANGELA EATZ.

82. Defendant, IVEDCO, has become strictly liable in tort for the design, manufacture, testing, inspection, treatment, processing, distribution and/or sale of a defective product, the subject syringes, which defects caused the aforesaid occurrence and resulting serious injuries sustained by plaintiff, ANGELA EATZ.

83. Any joint and several liability of the defendants, IV FLUSH, PINNACLE and IVEDCO, is not limited by CPLR §1601 by reason of the exemptions and/or exceptions set forth in Article 16 of the CPLR.

84. By reason of the foregoing, plaintiff, ANGELA EATZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## FIFTH CAUSE

85. Plaintiff, BARBARA EATZ, realleges, repeats and reiterates each and every allegation set forth above with the same force and effect as if fully set forth below at length.

86. Plaintiff, BARBARA EATZ, is the mother of plaintiff, ANGELA EATZ.

87.　As a direct and proximate result of defendant IV FLUSH's conduct described herein, Plaintiff, BARBARA EATZ, has been caused the loss of her daughter's companionship, services, society, emotional support and consortium.

88.　As a direct and proximate result of defendant PINNACLE's conduct described herein, Plaintiff, BARBARA EATZ, has been caused the loss of her daughter's companionship, services, society, emotional support and consortium.

89.　As a direct and proximate result of defendant IVEDCO conduct described herein, Plaintiff, BARBARA EATZ, has been caused the loss of her daughter's companionship, services, society, emotional support and consortium.

90.　By reason of the foregoing, plaintiff, BARBARA EATZ, has been damaged in an amount in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

WHEREFORE, Plaintiffs, ANGELA EATZ and BARBARA EATZ, demand judgment against defendants, IV FLUSH, PINNACLE and IVEDCO, including punitive and exemplary damages, in a sum exceeding the jurisdictional limits of all lower courts with regard to their causes of action, separately and individually, together with the interest, costs and disbursements of this action.

Dated: New York, New York
　　　　April 26, 2006

Yours, etc.

SULLIVAN PAPAIN BLOCK
MCGRATH & CANNAVO, P.C.

FRANK V. FLORIANI

10

Attorneys for Plaintiffs
120 Broadway
New York, New York, 10271
(212) 732-9000

## VERIFICATION

FRANK V. FLORIANI, an attorney at law, duly admitted to practice in the Courts of this State, affirms the following under the penalties of perjury:

I am a member of the firm of SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, P.C., attorneys for the plaintiffs in this action. I have read the foregoing complaint and know the contents thereof, and upon information and belief, I believe the matters alleged therein to be true.

The source of my information and the grounds of my belief are communications, papers, reports and investigations contained in the file.

Dated: New York, New York
     April 26, 2006

FRANK V. FLORIANI

12

115800/05

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ANGELA EATZ and BARBARA EATZ

                    Plaintiff(s),

                    -against-

IV FLUSHES, LLC and PINNACLE MEDICAL SUPPLY

                    Defendant(s).

(SECOND SUPPLEMENTAL SUMMONS AND SECOND
AMENDED COMPLAINT)

SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.
*Attorneys for*

Plaintiff(s) 120 BROADWAY
NEW YORK, NEW YORK 10271
(212) 732-9000

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.
Dated:.....................................

                    Signature.....................................

                    Print Signer's Name.....................................

*Service of a copy of the within*
Dated:

                                        is hereby admitted.

PLEASE TAKE NOTICE
                    Attorney(s) for

☐ NOTICE OF ENTRY     that the within in a (certified) true copy of a
                      entered in the office of the clerk of the within named Court on

☐ NOTICE OF SETTLEMENT  that an Order of which the within is a true copy will be presented for settlement to the     20
                        Hon.
                        at                                 one of the judges of the within named Court,
                        on
Dated:                  20        , at
                                        M.

SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.
*Attorneys for*

*To:*
                        120 BROADWAY
                        NEW YORK, NEW YORK 10271

*Attorney(s) for*

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA EATZ and BARBARA EATZ,

                                    Plaintiff,

            -against-

IV FLUSHES, LLC, PINNACLE MEDICAL
SUPPLY and IVEDCO, LLC,

                        Defendants.

Case No.:

(Removed from: Supreme Court of the
State of New York, County of New York)

## CONSENT TO REMOVAL

Defendant, IV FLUSHES, LLC, by and through its undersigned counsel, hereby consents

and joins in the removal to this Court filed herein by Defendant, IVEDCO, LLC.

Dated: New York, New York
       May 22, 2006

                        Respectfully submitted,

                        WHITE FLEISCHNER & PINO, LLP

                        By: _____
                            Daniel M. Stewart (7989)
                        Attorneys for IV FLUSHES, LLC and
                        PINNACLE MEDICAL SUPPLY
                        140 Broadway
                        New York, New York 10005

TO:    SULLIVAN PAPAIN BLOCK
       McGRATH & CANNAVO PC
       Attn: Frank V. Floriani, Esq.
       Attorneys for Plaintiffs
       120 Broadway
       New York, New York 10271
       (212) 732-9000
       202789.1

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA EATZ and BARBARA EATZ,                    Case No.:

                                    Plaintiff,

                                                (Removed from: Supreme Court of the
                                                State of New York, County of New York)
              -against-

IV FLUSHES, LLC, PINNACLE MEDICAL
SUPPLY and IVEDCO, LLC,

                          Defendants.

---

## CONSENT TO REMOVAL

Defendant, PINNACLE MEDICAL SUPPLY, by and through its undersigned counsel,

hereby consents and joins in the removal to this Court filed herein by Defendant, IVEDCO, LLC.

Dated: New York, New York
       May 22, 2006

                                    Respectfully submitted,

                                    WHITE FLEISCHNER & PINO, LLP

                                    By:
                                         Daniel Stewart (7989)
                                    Attorneys for IV FLUSHES, LLC and
                                    PINNACLE MEDICAL SUPPLY
                                    140 Broadway
                                    New York, New York 10005

TO:    SULLIVAN PAPAIN BLOCK
       McGRATH & CANNAVO PC
       Attn: Frank V. Floriani, Esq.
       Attorneys for Plaintiffs
       120 Broadway
       New York, New York 10271
       (212) 732-9000
       202790.1