UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No.: 06 CV 4190 (DAB)(HP)

-------------------------------------------------------

ANGELA EATZ and BARBARA EATZ,

                             Plaintiffs,

             -against-

IV FLUSH, LLC, PINNACLE MEDICAL
SUPPLY AND IVEDCO, LLC,

                        Defendants.

-------------------------------------------------------

**ANSWER OF DEFENDANT
IVEDCO LLC TO PLAINTIFFS'
SECOND AMENDED
COMPLAINT**

**DEFENDANT
REQUESTS
TRIAL BY JURY**

       Defendant, IVEDCO LLC, (hereinafter referred to as "IVEDCO") by and through its undersigned counsel, HARRIS BEACH PLLC, hereby answers plaintiffs Second Amended Complaint as follows:

       1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Second Amended Complaint and, therefore, denies same.

       2.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Second Amended Complaint and, therefore, denies same.

       3.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Second Amended Complaint and, therefore, denies same.

       4.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Second Amended Complaint and, therefore, denies same.

5.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Second Amended Complaint and, therefore, denies same.

6.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Second Amended Complaint and, therefore, denies same.

7.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Second Amended Complaint and, therefore, denies same.

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Second Amended Complaint and, therefore, denies same.

9.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Second Amended Complaint and, therefore, denies same.

10.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Second Amended Complaint and, therefore, denies same.

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Second Amended Complaint and, therefore, denies same.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Second Amended Complaint and, therefore, denies same.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Second Amended Complaint and, therefore, denies same.

14.     Defendant denies each and every allegation contained in paragraph "14" of the Second Amended Complaint.

15.     Defendant denies each and every allegation contained in paragraph "15" of the Second Amended Complaint.

16.     Defendant denies each and every allegation contained in paragraph "16" of the Second Amended Complaint.

17.     Defendant admits the allegations contained in paragraph "17" of the Second Amended Complaint.

18.     Defendant denies each and every allegation contained in paragraph "18" of the Second Amended Complaint.

19.     Defendant denies each and every allegation contained in paragraph "19" of the Second Amended Complaint.

## ANSWERING THE FIRST CAUSE

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Second Amended Complaint and, therefore, denies same.

3

21.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Second Amended Complaint and, therefore, denies same.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Second Amended Complaint except admits that IVEDCO would provide medical supplies to patients upon order of a licensed medical professional.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Second Amended Complaint and, therefore, denies same.

24.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Second Amended Complaint and, therefore, denies same.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Second Amended Complaint and, therefore, denies same.

26.    Defendant denies each and every allegation contained in paragraph "26" of the Second Amended Complaint.

27.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Second Amended Complaint and, therefore, denies same.

28.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Second Amended Complaint and, therefore, denies same.

29.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Second Amended Complaint and, therefore, denies same.

30.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Second Amended Complaint and, therefore, denies same.

31.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Second Amended Complaint and, therefore, denies same.

32.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Second Amended Complaint and, therefore, denies same.

33.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Second Amended Complaint and, therefore, denies same.

34.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Second Amended Complaint and, therefore, denies same.

35.    Defendant denies each and every allegation contained in paragraph "35" of the Second Amended Complaint.

5

36.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Second Amended Complaint and, therefore, denies same.

37.     Defendant admits that the FDA issued an alert, but denies those allegations contained in paragraph "37" of the Second Amended Complaint directed to it.

38.     Defendant admits that the FDA issued an alert, but is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Second Amended Complaint and, therefore, denies same.

39.     Defendant admits that the FDA issued an alert, but is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Second Amended Complaint and, therefore, denies same.

40.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Second Amended Complaint and, therefore, denies same.

41.     Defendant denies the allegations contained in paragraph "41" of the Second Amended Complaint.

42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Second Amended Complaint and, therefore, denies same.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Second Amended Complaint and, therefore, denies same.

44.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the Second Amended Complaint and, therefore, denies same.

45.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the Second Amended Complaint and, therefore, denies same.

46.    Defendant denies each and every allegation contained in paragraph "46" of the Second Amended Complaint and, therefore, denies same.

47.    Defendant denies each and every allegation contained in paragraph "47" of the Second Amended Complaint.

48.    Defendant denies each and every allegation contained in paragraph "48" of the Second Amended Complaint that is directed to it, and refers all questions of law to the Honorable Court upon the trial of this action.

49.    Defendant denies each and every allegation contained in paragraph "49" of the Second Amended Complaint.

## ANSWERING THE SECOND CAUSE

50.    Defendant repeats and realleges its responses to the earlier paragraphs of the Second Amended Complaint numbered "1" through "49".

51.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Second Amended Complaint and, therefore, denies same.

52.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the Second Amended Complaint and, therefore, denies same.

53.    Defendant denies each and every allegation contained in paragraph "53" of the Second Amended Complaint.

54.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "54" of the Second Amended Complaint and, therefore, denies same.

55.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" of the Second Amended Complaint and, therefore, denies same.

56.    Defendant denies each and every allegation contained in paragraph "56" of the Second Amended Complaint.

57.    Defendant denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the Second Amended Complaint and, therefore, denies same.

58.    Defendant denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" of the Second Amended Complaint and, therefore, denies same.

59.    Defendant denies each and every allegation contained in paragraph "59" of the Second Amended Complaint.

60.    Defendant  denies each and every allegation contained in paragraph "60" of the Second Amended Complaint.

61.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "61" of the Second Amended Complaint and, therefore, denies same.

62.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "62" of the Second Amended Complaint and, therefore, denies same.

63.     Defendant denies each and every allegation contained in paragraph "63" of the Second Amended Complaint.

64.     Defendant denies each and every allegation contained in paragraph "64" of the Second Amended Complaint, and refers all questions of law to the Honorable Court upon the trial of this action.

65.     Defendant denies each and every allegation contained in paragraph "65" of the Second Amended Complaint, and refers all questions of law to the Honorable Court upon the trial of this action.

66.     Defendant denies each and every allegation contained in paragraph "66" of the Second Amended Complaint.

## ANSWERING THE THIRD CAUSE

67.     Defendant repeats and realleges its responses to the earlier paragraphs of the Second Amended Complaint numbered "1" through "66".

68.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "68" of the Second Amended Complaint and, therefore, denies same.

69.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "69" of the Second Amended Complaint and, therefore, denies same.

70.   Defendant denies each and every allegation contained in paragraph "70" of the Second Amended Complaint.

71.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "71" of the Second Amended Complaint and, therefore, denies same.

72.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "72" of the Second Amended Complaint and, therefore, denies same.

73.   Defendant denies each and every allegation contained in paragraph "73" of the Second Amended Complaint.

74.   Defendant denies each and every allegation contained in paragraph "74" of the Second Amended Complaint, and refers all questions of law to the Honorable Court upon the trial of this action.

75.   Defendant denies each and every allegation contained in paragraph "75" of the Second Amended Complaint, and refers all questions of law to the Honorable Court upon the trial of this action.

76.   Defendant denies each and every allegation contained in paragraph "76" of the Second Amended Complaint.

## ANSWERING THE FOURTH CAUSE

77.     Defendant repeats and realleges his responses to the earlier paragraphs of the Second Amended Complaint numbered "1" through "76".

78.     Defendant denies each and every allegation contained in paragraph "78" of the Second Amended Complaint.

79.     Defendant denies each and every allegation contained in paragraph "79" of the Second Amended Complaint.

80.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "80" of the Second Amended Complaint and, therefore, denies same.

81.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "81" of the Second Amended Complaint and, therefore, denies same.

82.     Defendant denies each and every allegation contained in paragraph "82" of the Second Amended Complaint.

83.     Defendant denies each and every allegation contained in paragraph "83" of the Second Amended Complaint as it applies to this answering defendant, and refers all questions of law to the Honorable Court upon the trial of this action.

84.     Defendant denies each and every allegation contained in paragraph "84" of the Second Amended Complaint.

## ANSWERING THE FIFTH CAUSE

85.     Defendant repeats and realleges his responses to the earlier paragraphs of the Second Amended Complaint numbered "1" through "84".

11

86.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "86" of the Second Amended Complaint and, therefore, denies same.

87.     Defendant denies each and every allegation contained in paragraph "87" of the Second Amended Complaint.

88.     Defendant denies each and every allegation contained in paragraph "88" of the Second Amended Complaint.

89.     Defendant denies each and every allegation contained in paragraph "89" of the Second Amended Complaint.

90.     Defendant denies each and every allegation contained in paragraph "90" of the Second Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

91. Plaintiff's injuries or damages, if any, as alleged in the Second Amended Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of said plaintiff and not as a result of any negligence and/or culpable conduct on the part of this answering defendant, and recovery, if any, should be reduced in proportion to plaintiff's comparative fault.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

92.     Plaintiff's injuries or damages, if any, were caused by the unforeseeable misuse, abuse, or inappropriate handling of the product by the plaintiff, co-defendants, or a third party, which was unforeseeable to defendant, and was the sole, intervening cause of the damages alleged in plaintiff's Second Amended Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

93.    The product described in plaintiffs' Second Amended Complaint was modified, altered or changed from the condition in which it was compounded by defendant IVEDCO, which modification, alteration, or change caused or contributed to cause plaintiffs' alleged damages, if any.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

94.    Plaintiffs' damages were proximately caused by unforeseeable, independent intervening, or superseding events beyond the control, and unrelated to the conduct of this defendant. This defendant's actions and omission, if any, were superseded by such unforeseeable, independent, intervening and superseding events, and as such this defendant is not liable.

## AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

95.    Defendant, IVEDCO, did not proximately cause plaintiffs' alleged injuries, if any.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

96.    That by entering into the activity in which the plaintiff was engaged at the time of the occurrence set forth in the Second Amended Complaint, said plaintiff knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiffs herein as alleged in the Second Amended Complaint arose from and were caused by reason of such risks voluntarily undertaken by plaintiff in her activities and such risks were assumed and accepted by her performing and engaging in said activities.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

97.    Defendant asserts that the product was and has been formulated, designed, tested, compounded, processed, distributed, and labeled in accordance with the provisions of the Federal Food, Drug and Cosmetic Amendments of the Federal Food, Drug and Cosmetic Act 21 USC§ 360K(a) and regulations promulgated pursuant thereto.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

98.    The product referred to in plaintiff's Second Amended Complaint is a pharmaceutical product and the federal government has totally or partially preempted the field of law applicable to such products, and said products were in compliance with applicable federal law. Any duty to warn of risks and adverse reactions associated with Heparin syringes was discharged by giving an adequate warning to the medical profession, including plaintiff's prescribing healthcare provider.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

99.    In the event that the product which plaintiff alleges to have caused injury was compounded by this defendant, then said product was compounded and distributed in accordance and consistent with the state-of-the-art and any applicable governmental standard for the compounding, testing, and labeling of similar pharmaceutical products, and was free of any defect when it left this defendant's possession and control.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

100.    Defendant hereby give notice that to the extent that Comment (k) of section 402A of the Restatement (Second) of Torts and Comment (b) of section 6 of the Restatement (Third) of Torts are applicable to any of the allegations in plaintiffs Second Amended Complaint, defendant intends to rely upon same in defense of this action.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

101.    Heparin syringes are neither defective nor unreasonably dangerous by virtue of the fact that they are a prescription pharmaceutical product subject to what is commonly known as the "Comment k exception" to strict tort liability as defined in the Restatement (Second) of Torts § 402A(1965) and Restatement (Third) of Torts: Product Liability §6 Comment b (1998).

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

102.    Plaintiff's Second Amended Complaint fails to state a cause of action, cognizable in equity or law against this answering defendant and must therefore be dismissed.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

103.    Plaintiff's injuries, if any, were caused by an idiosyncratic reaction to the product.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

104.    Plaintiff's injuries, if any, were caused by pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or illnesses of the plaintiff.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

105.    Plaintiff has failed to mitigate her damages, if any.

### AS AND FOR A SIXTENTH AFFIRMATIVE DEFENSE

106.    That the liability of defendant, if any, is limited to the percentage of culpability found against it by virtue of the fault of other parties (both named and unnamed) and in accordance with the laws of the State of New York.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

107.    Pursuant to New York General Obligations Law §15-108, Plaintiffs' claim should be diminished in whole or in part, by any amount paid or fairly allocable to any party with whom plaintiff has settled or may settle.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

108.    In the event plaintiff recovers a verdict or judgment against this defendant, then said verdict or judgment must be reduced pursuant to CPLR §4545 (c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

109.    The liability of this defendant, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

110.    Defendant asserts that plaintiff's entire claim is barred or diminished because of the failure of plaintiff to preserve evidence.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

111.    One or more of the plaintiffs lack standing to sue, on all or some of the causes of actions

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

112.    Defendant avers that plaintiff's claims are barred, in whole or in part, based upon a balancing of risk and utility factors .

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

113.    Plaintiff's alleged damages were not caused by any failure to warn on the part of this answering defendant.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

114.    This defendant asserts that plaintiff has failed to meet her burden with respect to product identification.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

115.    Defendant asserts that it made no warranty, express or implied, to the plaintiffs.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

116.    Plaintiff's claim of breach of express warranty and breach of implied warranty is barred because there was no privity between plaintiff and defendant, IVEDCO.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

117.    Plaintiff's claim of breach of warranty is barred because plaintiff did not rely on the warranty, if any.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

118.    That pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, plaintiff has failed to plead allegations of fraud, fraudulent concealment and misrepresentation with sufficient particularity in the Second Amended Complaint.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

119.    Defendant, IVEDCO, did not receive notice of any claimed breach of warranty, including the notice set forth in the Uniform Commercial Code, Section 2-607(e).

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

120.    Punitive damages are barred by the due process clause of the Fifth Amendment to the United States Constitution.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

121.    Punitive damages are barred by the right against self incrimination provided by the Fifth Amendment to the United States Constitution.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

122.    Punitive damages are barred by the Sixth Amendment to the United States Constitution without a unanimous verdict.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

123.    Punitive damages are barred by the cruel and unusual punishment clause, and the excessive fines clause of the Eighth Amendment of the United States Constitution.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

124.    Punitive damages are barred by the equal protection clause of the Fourteenth Amendment to the United States Constitution.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

125.    Punitive damages are barred, when such damages are based upon any standard of proof less than "clear and convincing" evidence, by the due process clause of the Fourteenth Amendment to the United States Constitution.

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

126.    Punitive damages are barred, when such damages are based upon ambiguous, vague, undefined, unreasonable, uncertain, conflicting, purely subjective and fundamentally unfair standards of liability, and are unconstitutionally excessive and disproportionate to IVEDCO'S conduct, by the due process clause of the Fourteenth Amendment to the United States Constitution.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

127.    Punitive damages are barred, when such damages result from the same course of conduct for which IVEDCO has been or may be found liable for punitive damages in another action, by the due process clause of the Fourteenth Amendment of the United States Constitution.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

128.    Punitive damages are barred by the Contracts Clause of Article I, Section 10 of the United States Constitution.

### AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

129.    Punitive damages are barred by the Commerce Clause of Article I, Section 8 of the United States Constitution.

### AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

130.    Punitive damages are barred by the Free Speech Clause of the First Amendment of the United States Constitution.

### AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

131.    Punitive damages are barred by the Supremacy Clause of Article VI, of the United States Constitution.

### AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

132.    Punitive damages are barred by the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution.

### AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

133.    Punitive damages are barred because the procedures in place fail to provide a limit on the amount of the award against IVEDCO.

### AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

134.    Punitive damages are barred because the procedures in place fail to provide specific standards as to the amount of the award of punitive damages.

### AS AND FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE

135.    Punitive damages are barred because the procedures in place deprive IVEDCO of sufficient notice of the type of conduct upon which an award of punitive damages could be based.

### AS AND FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE

136.    Punitive damages are barred because the procedures in place fail to provide clear, consistent appellate standards of review of an award of punitive damages.

### AS AND FOR A FORTY-SEVENTH AFFIRMATIVE DEFENSE

137.    Punitive damages are barred because the procedures in place allow for the consideration of evidence of IVEDCO'S wealth in assessing punitive damages.

### AS AND FOR A FORTY-EIGHTH AFFIRMATIVE DEFENSE

138.    This Defendant incorporates the defenses of all others who are or may become parties to this action as though more fully set forth herein.

### AS AND FOR A FOURTY-NINTH AFFIRMATIVE DEFENSE

139.    Defendant asserts that they intend to rely upon such other defenses as may be available or apparent during discovery proceedings in this case and hereby reserve their right to amend their Answer to plead such defenses.

### DEMAND FOR JURY TRIAL

Defendant, IVEDCO, demands a trial by jury on all issues so triable.

**WHEREFORE**, defendant IVEDCO LLC demands judgment dismissing the Second Amended Complaint of the plaintiffs, together with attorney's fees, costs and disbursements incurred in defense of this action, as well as such other and further relief this Court may deem just and proper.

Dated: New York, New York
          June 9, 2006

Yours, etc.

HARRIS BEACH PLLC

By:_____
Frederick H. Fern (FHF 4980)
Attorneys for Defendant
IVEDCO LLC
805 Third Avenue, 20th Floor
New York, New York
(212) 687-0100

TO:    SULLIVAN PAPAIN BLOCK
       McGRATH & CANNAVO PC
       Attn: Frank V. Floriani, Esq.
       Attorneys for Plaintiffs
       120 Broadway
       New York, New York  10271
       (212) 732-9000

       WHITE FLEISCHNER & FINO, LLP
       Attn: Daniel Stewart, Esq.
       140 Broadway
       New York, New York 10005
       Attorneys for IV FLUSH, LLC and
       PINNACLE MEDICAL SUPPLY

203169.1