UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGELA EATZ and BARBARA EATZ,

            Plaintiffs,

    -and-

IV FLUSH, LLC, PINNACLE MEDICAL
SUPPLY, and IVEDCO, LLC,

            Defendants
------------------------------------------------------------X

Docket No.: 06 Civ. 4190 (DAB)

**VERIFIED ANSWER
TO PLAINTIFFS' SECOND
SUPPLEMENTAL
SUMMONS AND
COMPLAINT**

S I R S :

    Defendants, IV FLUSHES, LLC and PINNACLE MEDICAL SUPPLY, by their attorneys, WHITE FLEISCHNER & FINO, LLP, as and for their Verified Answer to plaintiffs' Second Supplemental Summons and Second Amended Complaint, respectfully allege:

    1.    Deny each and every allegation set forth in paragraphs numbered "3," "4," "6," "7," "9," "10," "12" and "13."

    2.    Deny knowledge and information sufficient to form a belief as to those allegations set forth in paragraph numbered "1," "14," "15," "16," "17," "18" and "19."

    3.    Deny each and every allegation set forth in paragraphs numbered "2," "5," "8" and "11" except admits that IV FLUSHES, LLC and PINNACLE MEDICAL SUPPLY, were corporations operating within the State of Texas.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS FIRST CAUSE OF ACTION

    4.    Deny each and every allegation set forth in paragraphs numbered "46" and "47."

5. Deny knowledge and information sufficient to form a belief as to those allegations set forth in paragraphs numbered "22," "24," "26," "27," "28," "29," "30," "31," "32," "33," "34," "35," "36," "37," "38," "39," "40," "41," "42," "43," "44," "45" and "49."

6. Deny each and every allegation set forth in paragraph numbered "48" and leave all matters of law to the Honorable Court.

### AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS SECOND CAUSE OF ACTION

7. Defendants IV FLUSHES, LLC and PINNACLE MEDICAL SUPPLY, repeat and reiterate each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "49" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "50".

8. Deny each and every allegation set forth in paragraphs numbered "60," "61," "62" and "66."

9. Deny knowledge and information sufficient to form a belief as to those allegations set forth in paragraphs numbered "53," "54," "55," "56," "57," "58," "59" and "63."

10. Deny each and every allegation set forth in paragraphs numbered "51," "52," "64" and "65" and leave all matters of law to the Honorable Court.

### AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFF
### THIRD CAUSE OF ACTION

11. Defendants IV FLUSHES, LLC and PINNACLE MEDICAL SUPPLY, repeat and reiterate each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "66" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "67."

12. Deny each and every allegation set forth in paragraphs numbered "68," "69," "71," "72" and "76."

13. Deny knowledge and information sufficient to form a belief as to those allegations set forth in paragraphs number "70" and "73."

14. Deny each and every allegation set forth in paragraphs numbered "74" and "75" and leave all matters of law to the Honorable Court.

### AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS
### FOURTH CAUSE OF ACTION

15. Defendants IV FLUSHES, LLC and PINNACLE MEDICAL SUPPLY, repeat and reiterate each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "76" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "77."

16. Deny each and every allegation set forth in paragraphs numbered "78," "79," "80," "81" and "84."

17. Deny knowledge and information sufficient to form a belief as those allegations

set for in paragraph number "82."

18. Deny each and every allegation set forth in paragraph numbered "83" and leave all matters of law to the Honorable Court.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS FIFTH CAUSE OF ACTION

19. Defendant IV FLUSHES, LLC and PINNACLE MEDICAL SUPPLY, repeat and reiterate each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "84" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "85".

20. Deny each and every allegation set forth in paragraphs numbered "87," "88" and "90."

21. Deny knowledge and information sufficient to form a belief as to those allegations set forth in paragraph numbered "86" and "89."

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. Pursuant to CPLR Article 16, the liability of defendants, IV FLUSHES, LLC and PINNACLE MEDICAL SUPPLY, to the plaintiff herein for non-economic loss is limited to defendants', IV FLUSHES, LLC and PINNACLE MEDICAL SUPPLY's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23. That by entering into the activity in which the plaintiffs were engaged at the time of the occurrence set forth in the complaint, said plaintiff knew the hazards thereof and the

inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiffs herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiffs in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24. Plaintiffs have recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources. Any award made to plaintiffs shall be reduced in accordance with the provisions of CPLR 4545(c).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25. Any damages sustained by the plaintiffs were caused by the culpable conduct of the plaintiffs, including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant. But if a verdict of judgment is awarded to the plaintiffs, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiffs bears to the culpable conduct which caused the damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26. Whatever injuries and/or damages sustained by the plaintiff at the time and place alleged in the complaint, were due to the acts of parties over whom the defendant was not obligated to exercise any control or supervision.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27. That the product which forms the basis of this complaint was properly manufactured, tested, examined, inspected and packaged by the defendants, IV FLUSHES, LLC and PINNACLE MEDICAL SUPPLY, said accident being caused solely by the plaintiffs' misuse of the defendants' product at the time of the alleged incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

28. Plaintiff failed to mitigate damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

29. The amount of punitive damages sought is unconstitutionally excessive, and disproportionate to defendant's conduct under the United States Constitution, and thus, violates the Due Process Clause of the Fourteenth Amendment, U.S. Const., Amend. XIV, Section 1, and the Due Process Causes of the New York State Constitution, Article I, Section 6.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

30. Any award of punitive damages based upon vague and undefined standards of liability would violate the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1, and the Due Process Clause of the New York State Constitution, Article I, Section 6.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

31. Any award of punitive damages based upon any standard of proof less than "clear and convincing" evidence would violate the Due Process Clauses of the Fourteenth Amendment of the U.S. Const., Amend. XIV, and the Due Process Clauses of the New York State Constitution, Article I, Section 6.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

32.  Any award of punitive damages resulting from same course of conduct for which defendant has been or may be found liable for punitive damages in another action violates the Due Process Clauses of the Fourteenth Amendment of the U.S. Const., Amend. XIV, and the Due Process Clauses of the New York State Constitution, Article I, Section 6.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

33.  The product in question conformed with all applicable rules, regulations, standards and requirements formulated and/or in effect at the time the product was designed or manufactured.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

34.  That the plaintiffs failed to use medical or safety devices available to the plaintiffs at the time of the events alleged in the plaintiffs' complaint and the plaintiffs' failure to use such devices was negligent and was a cause in whole or in part of the injuries sustained by plaintiff(s).

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

35.  That the plaintiff could with due diligence have obtained personal jurisdiction over tortfeasors not made parties to this lawsuit and thus the culpability of such missing or absent tortfeasors is to be apportioned into the total culpability allegedly causing the subject occurrence.

WHEREFORE, defendants, IV FLUSHES, LLC and PINNACLE MEDICAL SUPPLY, demand judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated: New York, New York
May 15, 2006

                    Yours, etc.,

                    WHITE FLEISCHNER & FINO, LLP

                    By: _____
                            Jennifer L. Toth
                    Attorneys for Defendants
                    IV FLUSHES, LLC and PINNACLE
                    MEDICAL SUPPLY
                    140 Broadway - 36th Floor
                    New York, New York 10005
                    (212) 487-9700
                    Our File No.: 337-11432-D-DMS/JLT

TO:   (See Attached Affidavit)

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                     )ss:
COUNTY OF NEW YORK   )

JENNIFER L. TOTH, being duly sworn, deposes and says:

That she is the attorney for the defendants in the within action; that she has read the within Answer and knows the contents thereof, and that same is true to her own knowledge, except and to the matters herein stated to be alleged upon information and belief, and that as to those matters she believes it to be true.

That the sources of her information and knowledge are investigation and records on file.

That the reason this verification is being made by deponent and not by defendants is that the defendants are not within the county where deponent has her office.

                                                JENNIFER L. TOTH

Sworn to before me this
15th day of May, 2006

_____
Notary Public

WENDY A. JANTZ
Notary Public, State of New York
No. 01JA5038412
Qualified in Richmond County
Commission Expires January 23, 20__

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         )ss:
COUNTY OF NEW YORK       )

**GWYNETH WEBSTER**, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Brooklyn, New York.

That on May 15, 2006, deponent served the within **VERIFIED ANSWER TO PLAINTIFFS' SECOND SUPPLEMENTAL SUMMONS AND SECOND AMENDED COMPLAINT,** by depositing same in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York in a prepaid envelope, properly addressed to the attorneys and parties listed below at the addresses designated by them as the addresses for service of papers.

TO:

Frank V. Floriani, Esq.
Sullivan, Papain, Block, McGrath & Cannavo, P.C.
Attorneys for Plaintiffs
120 Broadway
New York, New York 10271
(212) 732-9000

_____
**GWYNETH WEBSTER**

Sworn to before me this
15th day of May, 2006

_____
Notary Public
WENDY A. JANTZ
Notary Public, State of New York
No. 01JA-6189112
Qualified in Richmond County
Commission Expires January 23, 2007

*Docket No.: 06 Civ. 4190 (DAB)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGELA EATZ and BARBARA EATZ,

                    Plaintiffs,
    -and-

IV FLUSH, LLC, PINNACLE MEDICAL SUPPLY,
and IVEDCO, LLC,
                    Defendants.

---

### VERIFIED ANSWER TO PLAINTIFFS' SECOND SUPPLEMENTAL SUMMONS AND SECOND AMENDED COMPLAINT

---

**WHITE FLEISCHNER & FINO, LLP.**
*Attorneys for Defendants*
**140 BROADWAY
NEW YORK, N.Y. 10005
(212) 487-9700**

---

*To:*
*Attorney(s) for*

---

*Service of a copy of the within*    is hereby admitted.
*Dated:*
                                  .........................
                                *Attorney(s) for*

---

*PLEASE TAKE NOTICE*

☐   that the within is a (certified) true copy of a
     entered in the office of the clerk of the within named Court on
NOTICE OF
ENTRY

☐   that an Order of which the within is a true copy will be presented for settlement to the Hon.
     one of the judges of the within named Court, at           , on         , at
  .
NOTICE OF
SETTLEMENT

Dated:                             **WHITE FLEISCHNER & FINO, LLP.**
                                *Attorneys for Defendants*
                                **140 BROADWAY
NEW YORK, N.Y. 10005**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANGELA EATZ and BARBARA EATZ,

                Plaintiffs,

-and-

IV FLUSHES, LLC, PINNACLE MEDICAL
SUPPLY, and IVEDCO, LLC,

                Defendants
----------------------------------------------------------------X

Docket No.: 06 Civ. 4190 (DAB)

**AFFIDAVIT**

VIRGINIA L. McGRANE, being duly sworn, deposes and says:

1. This firm represents the defendants IV FLUSH, LLC, s/h/a IV FLUSHES, LLC (hereinafter "IV FLUSH") and PINNACLE MEDICAL SUPPLY in the above-referenced case.

2. I submit this affidavit in response to the *sua sponte* Order to Show Cause of Judge Deborah A. Batts dated January 5, 2007.

3. On or about May 2, 2006, plaintiff served a Supplemental Summons and Amended Complaint.

4. An Answer to the Supplemental Summons and Amended Complaint was served on behalf of Defendants IV FLUSH and PINNACLE MEDICAL SUPPLY on May 15, 2006.

5. On June 1, 2006, Defendant IVEDCO filed a Notice of Petition for removal of this case from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

6. Upon receipt of this Honorable Court's Order to Show Cause dated January 5, 2007, the Answer to the Supplemental Summons and Amended Complaint,

previously served on behalf of Defendant IV FLUSH and PINNACLE MEDICAL SUPPLY, was immediately filed with the United States District Court for the Southern District of New York.

VIRGINIA L. McGRANE (VLM-4081)

Sworn to before me this
11th day of January 2007

Notary Public

LAUREN RICCIO MELTZER
NOTARY PUBLIC, State of New York
No. 01RI5082855
Qualified in King County
Commission Expires July 28, 2009

Our File No.: 337-11432-D-PAF/VLM

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      )ss:
COUNTY OF NEW YORK    )

Mary T. Izzo, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Jamaica, New York.

That on January 11, 2007, deponent served the within **AFFIDAVIT** by depositing same in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York in a prepaid envelope, properly addressed to the attorneys and parties listed below at the addresses designated by them as the addresses for service of papers.

TO:

Frank V. Floriani, Esq.
Sullivan, Papain, Block, McGrath & Cannavo, P.C.
*Attorneys for Plaintiffs*
120 Broadway
New York, New York 10271
(212) 732-9000

Harris Beach, Esqs.
*Attorneys for Defendant IVEDCO, LLC*
805 Third Avenue
20th Floor
New York, NY  10022
(212) 687-0100

_____
Mary T. Izzo

Sworn to before me this
11th day of January, 2007

_____
Notary Public

LAUREN RICCIO MELTZER
NOTARY PUBLIC, State of New York
No. 01RI5082855
Qualified in King County
Commission Expires July 28, 2009

*Docket No.: 06 Civ. 4190 (DAB)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA EATZ and BARBARA EATZ,

                     Plaintiffs,

     -and-

IV FLUSH, LLC, PINNACLE MEDICAL SUPPLY,
and IVEDCO, LLC,

                     Defendants.

## AFFIDAVIT

**WHITE FLEISCHNER & FINO, LLP.**
*Attorneys for Defendants*
IV FLUSH, LLC, s/h/a IV FLUSHES, LLC and PINNACLE MEDICAL SUPPLY
**140 BROADWAY
NEW YORK, N.Y. 10005
(212) 487-9700**

*To:*
*Attorney(s) for*

*Service of a copy of the within*     is hereby admitted.
*Dated:*
                                          ........................
                                         *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐ that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on

NOTICE OF
ENTRY

☐ that an Order of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court, at       , on       , at

NOTICE OF
SETTLEMENT

Dated:                              **WHITE FLEISCHNER & FINO, LLP.**
                                     *Attorneys for Defendants*
                           *IV FLUSH, LLC, s/h/a IV FLUSHES, LLC*
                             *and PINNACLE MEDICAL SUPPLY*
                                     **140 BROADWAY
NEW YORK, N.Y. 10005**