UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANGELA EATZ and BARBARA EATZ,

                Plaintiffs,                Index No.: 06 CV 4190

      -against-                        **STIPULATION**

IV FLUSHES, LLC, PINNACLE MEDICAL SUPPLY,
and IVEDCO, LLC

                Defendants.
---------------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED, that Defendants IV FLUSH, LLC, s/h/a IV FLUSH, LLC, and PINNACLE MEDICAL SUPPLY ("defendants") may serve an Amended Answer to plaintiff's second supplemental complaint. A copy of the proposed Amended Answer is annexed, and it is further,

STIPULATED AND AGREED that plaintiff is not stipulating to the validity or viability of the affirmative defenses, only that defendants may serve an answer that contains the affirmative defenses, and it is further

STIPULATED AND AGREED that the fact that plaintiff stipulated to permit this amendment is not admissible in evidence, nor can it be referred to during trial, and it is not to be used against the plaintiff in any manner. .

Dated: New York, New York
       January 18, 2007

_____                _____
Virginia L. McGrane (4081)             Frank V. Floriani, Esq.
WHITE FLEISCHNER & FINO, LLP     Attorneys for Plaintiffs
Attorneys for Defendants                 SULLIVAN, PAPAIN, BLOCK,
IV FLUSH, LLC and                        McGRATH & CANNAVO, P.C.
PINNACLE MEDICAL SUPPLY          120 Broadway
303 Old Tarry Town Road              New York, New York 10271
White Plains, New York 10603       (212) 732-9000
(914) 509-2910
Our File No.: 337-11432-D-PAF/VLM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────X
ANGELA EATZ and BARBARA EATZ,

                Plaintiffs,

       -against-

IV FLUSHES, LLC, PINNACLE MEDICAL SUPPLY,
and IVEDCO, LLC,

                Defendants.
───────────────────────────────X

Docket No.: 06 CV 4190

**AMENDED VERIFIED ANSWER TO PLAINTIFFS' SECOND SUPLEMENTAL SUMMONS AND COMPLAINT**

S I R S :

    Defendants, IV FLUSH, LLC s/h/a IV FLUSHES, LLC (hereinafter "IV FLUSH, LLC") and PINNACLE MEDICAL SUPPLY, by their attorneys, WHITE FLEISCHNER & FINO, LLP, as and for their Amended Verified Answer to plaintiffs' Second Supplemental Summons and Second Amended Complaint, respectfully allege:

    1.    Deny each and every allegation set forth in paragraphs numbered "3," "4," "6," "7," "9," "10," "12" and "13."

    2.    Deny knowledge and information sufficient to form a belief as to those allegations set forth in paragraph numbered "1," "14," "15," "16," "17," "18" and "19."

    3.    Deny each and every allegation set forth in paragraphs numbered "2," "5," "8" and "11" except admits that IV FLUSH, LLC and PINNACLE MEDICAL SUPPLY, were corporations operating within the State of Texas.

### AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS FIRST CAUSE OF ACTION

    4.    Deny each and every allegation set forth in paragraphs numbered "46" and "47."

5. Deny knowledge and information sufficient to form a belief as to those allegations set forth in paragraphs numbered "22," "24," "26," "27," "28," "29," "30," "31," "32," "33," "34," "35," "36," "37," "38," "39," "40," "41," "42," "43," "44," "45" and "49."

6. Deny each and every allegation set forth in paragraph numbered "48" and leave all matters of law to the Honorable Court.

### AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS SECOND CAUSE OF ACTION

7. Defendants IV FLUSH, LLC and PINNACLE MEDICAL SUPPLY, repeat and reiterate each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "49" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "50".

8. Deny each and every allegation set forth in paragraphs numbered "60," "61," "62" and "66."

9. Deny knowledge and information sufficient to form a belief as to those allegations set forth in paragraphs numbered "53," "54," "55," "56," "57," "58," "59" and "63."

10. Deny each and every allegation set forth in paragraphs numbered "51," "52," "64" and "65" and leave all matters of law to the Honorable Court.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFF
## THIRD CAUSE OF ACTION

11. Defendants IV FLUSH, LLC and PINNACLE MEDICAL SUPPLY, repeat and reiterate each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "66" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "67."

12. Deny each and every allegation set forth in paragraphs numbered "68," "69," "71," "72" and "76."

13. Deny knowledge and information sufficient to form a belief as to those allegations set forth in paragraphs number "70" and "73."

14. Deny each and every allegation set forth in paragraphs numbered "74" and "75" and leave all matters of law to the Honorable Court.

## AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS
## FOURTH CAUSE OF ACTION

15. Defendants IV FLUSH, LLC and PINNACLE MEDICAL SUPPLY, repeat and reiterate each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "76" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "77."

16. Deny each and every allegation set forth in paragraphs numbered "78," "79," "80," "81" and "84."

17. Deny knowledge and information sufficient to form a belief as those allegations set for in paragraph number "82."

18. Deny each and every allegation set forth in paragraph numbered "83" and leave all matters of law to the Honorable Court.

### AS AND FOR DEFENDANTS' RESPONSE TO PLAINTIFFS FIFTH CAUSE OF ACTION

19. Defendant IV FLUSH, LLC and PINNACLE MEDICAL SUPPLY, repeat and reiterate each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "84" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "85".

20. Deny each and every allegation set forth in paragraphs numbered "87," "88" and "90."

21. Deny knowledge and information sufficient to form a belief as to those allegations set forth in paragraph numbered "86" and "89."

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. Pursuant to CPLR Article 16, the liability of defendants, IV FLUSHES, LLC and PINNACLE MEDICAL SUPPLY, to the plaintiff herein for non-economic loss is limited to defendants', IV FLUSHES, LLC and PINNACLE MEDICAL SUPPLY's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23. That by entering into the activity in which the plaintiffs were engaged at the time of the occurrence set forth in the complaint, said plaintiff knew the hazards thereof and the

inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiffs herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiffs in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24. Plaintiffs have recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources. Any award made to plaintiffs shall be reduced in accordance with the provisions of CPLR 4545(c).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25. Any damages sustained by the plaintiffs were caused by the culpable conduct of the plaintiffs, including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant. But if a verdict of judgment is awarded to the plaintiffs, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiffs bears to the culpable conduct which caused the damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26. Whatever injuries and/or damages sustained by the plaintiff at the time and place alleged in the complaint, were due to the acts of parties over whom the defendant was not obligated to exercise any control or supervision.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27.  That the product which forms the basis of this complaint was properly manufactured, tested, examined, inspected and packaged by the defendants, IV FLUSHES, LLC and PINNACLE MEDICAL SUPPLY, said accident being caused solely by the plaintiffs' misuse of the defendants' product at the time of the alleged incident.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

28.  Plaintiff failed to mitigate damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

29.  The amount of punitive damages sought is unconstitutionally excessive, and disproportionate to defendant's conduct under the United States Constitution, and thus, violates the Due Process Clause of the Fourteenth Amendment, U.S. Const., Amend. XIV, Section 1, and the Due Process Causes of the New York State Constitution, Article I, Section

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

30.  Any award of punitive damages based upon vague and undefined standards of liability would violate the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1, and the Due Process Clause of the New York State Constitution, Article I, Section 6.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

31.  Any award of punitive damages based upon any standard of proof less than "clear and convincing" evidence would violate the Due Process Clauses of the Fourteenth Amendment of the U.S. Const., Amend. XIV, and the Due Process Clauses of the New York State Constitution, Article I, Section 6.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

32. Any award of punitive damages resulting from same course of conduct for which defendant has been or may be found liable for punitive damages in another action violates the Due Process Clauses of the Fourteenth Amendment of the U.S. Const., Amend. XIV, and the Due Process Clauses of the New York State Constitution, Article I, Section 6.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

33. The product in question conformed with all applicable rules, regulations, standards and requirements formulated and/or in effect at the time the product was designed or manufactured.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

34. That the plaintiffs failed to use medical or safety devices available to the plaintiffs at the time of the events alleged in the plaintiffs' complaint and the plaintiffs' failure to use such devices was negligent and was a cause in whole or in part of the injuries sustained by plaintiff(s).

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

35. That the plaintiff could with due diligence have obtained personal jurisdiction over tortfeasors not made parties to this lawsuit and thus the culpability of such missing or absent tortfeasors is to be apportioned into the total culpability allegedly causing the subject occurrence.

### AS AND FOR A FIFTHTEENTH AFFIRMATIVE DEFENSE

36. These defendants properly adhered to applicable Texas law.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

37. The product described in plaintiff's complaint was modified, altered or changed from the condition in which it left the possession of defendants, with such modification, alteration or change caused or contributed to cause plaintiff's alleged complaints.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

38. Plaintiff's injuries, if any, were caused by pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of the plaintiff.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

39. Plaintiff's injuries or damages, if any, were caused by the unforeseeable misuse, abuse, or inappropriate handling of the product by the plaintiff, co-defendants, or a third party, which was unforeseeable to these defendants, and was the sole, intervening cause of the damages alleged in plaintiff's Complaint.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

40. Plaintiffs' damages were proximately caused by unforeseeable independent intervening, or superseding events beyond the control, and unrelated to the conduct of this defendant. These defendant's actions and omission, if any, were superseded by such unforeseeable, independent, intervening and superseding events, and as such these defendants are not liable.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

41. Defendants IV FLUSH, L.L.C. and PINNACLE MEDICAL SUPPLY did not proximately cause plaintiffs' alleged injuries, if any.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

42. The product referred to in plaintiff's Complaint is a pharmaceutical product and the federal government has totally or partially pre-empted the field of law applicable to such products and said products were in compliance with applicable federal law. Any duty to warn of risks and adverse reactions associated with Heparin syringes was discharged by giving an adequate warning to the medical profession, including plaintiff's prescribing healthcare provider.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

43. Defendant hereby gives notice that to the extent that Comment (k) of Section 402A of the Restatement (Second) of Torts and Comment (b) of Section 6 of the Restatement (Third) of Torts are applicable to any of the allegations in plaintiff's Second Amended Complaint, defendant intends to rely upon same in defense of this action.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

44. Heparin syringes are neither defective nor unreasonably dangerous by virtue of the fact that they are a prescription pharmaceutical product subject to what is commonly known as the "Comment k exception" to strict tort liability as defined in the Restatement (Second) of Torts § 402A(1965) and Restatement (Third) of Torts: Product Liability §6 Comment b (1998).

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

45. Plaintiff's Complaint fails to state a cause of action, cognizable in equity or law against this answering defendant and must therefore be dismissed.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

46. Plaintiff's injuries, if any, were caused by an idiosyncratic reaction to the product.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

47. Plaintiff's injuries, if any, were caused by pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or illnesses of the plaintiff.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

48. Pursuant to New York General Obligations Law §15-108, Plaintiffs' claim should be diminished in whole or in part, by any amount paid or fairly allocable to any party with whom plaintiff has settled or may settle.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

49. One or more of the plaintiffs lack standing to sue, on all or some of the causes of actions.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

50. These defendants assert that plaintiff's claims are barred, in whole or in part, based upon a balancing of risk and utility factors.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

51. Plaintiff's alleged damages were not caused by any failure to warn on the part of these answering defendants.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

52. These defendants assert that plaintiff has failed to meet her burden with respect to product identification.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

53. These defendants assert that it made no warranty, express or implied, to the plaintiffs.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

54. Plaintiff's claim of breach of express warranty and breach of implied warranty is barred because there was no privity between plaintiff and defendants IV FLUSH, L.L.C. and PINNACLE MEDICAL SUPPLY.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

55. Plaintiff's claim of breach of warranty is barred because plaintiff did not rely on the warranty, if any.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

56. Defendants IV FLUSH, L.L.C. and PINNACLE MEDICAL SUPPLY did not receive notice of any claimed breach of warranty, including the notice set forth in the Uniform Commercial Code, Section 2-607(e).

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

57. Punitive damages are barred by the right against self-incrimination provided by the Fifth Amendment to the United States Constitution.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

58. Punitive damages are barred by the Sixth Amendment to the United States Constitution without a unanimous verdict.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

59. Punitive damages are barred by the cruel and unusual punishment clause, and the excessive fines clause of the Eighth Amendment of the United States Constitution.

### AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

60. Punitive damages are barred by the equal protection clause of the Fourteenth Amendment to the United States Constitution.

### AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

61. Punitive damages are barred by the Contracts Clause of Article I, Section 10, of the United States Constitution.

### AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

62. Punitive damages are barred by the Commerce Clause of Article I, Section 8 of the United States Constitution.

### AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

63. Punitive damages are barred by the Free Speech Clause of the First Amendment of the United States Constitution.

### AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

64. Punitive damages are barred by the Supremacy Clause of Article VI, of the United States Constitution.

### AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

65. Punitive damages are barred by the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution.

### AS AND FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE

66. Punitive damages are barred because the procedures in place fail to provide a limit on the amount of the award against defendants IV FLUSH, L.L.C. and PINNACLE MEDICAL SUPPLY.

### AS AND FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE

67. Punitive damages are barred because the procedures in place deprive defendants IV FLUSH, L.L.C. and PINNACLE MEDICAL SUPPLY of sufficient notice of the type of conduct upon which an award of punitive damages could be based.

### AS AND FOR A FORTY-SEVENTH AFFIRMATIVE DEFENSE

68. Punitive damages are barred because the procedures in place fail to provide clear, consistent appellate standards of review of an award of punitive damages.

### AS AND FOR A FORTY-EIGHTH AFFIRMATIVE DEFENSE

69. Punitive damages are barred because the procedures in place allow for the of evidence of defendants IV FLUSH, L.L.C. and PINNACLE MEDICAL SUPPLY's wealth in assessing punitive damages.

### AS AND FOR A FORTY-NINTH AFFIRMATIVE DEFENSE

70. This defendant incorporates the defenses of all others who are or may become parties to this action as though more fully set forth herein.

### AS AND FOR A FIFTIETH AFFIRMATIVE DEFENSE

71. Defendant asserts that they intend to rely upon such other defenses as may be available or apparent during discovery proceedings in this case and hereby reserve their right to amend their Answer to plead such defenses.


## AS AND FOR A FIFTY-FIRST AFFIRMATIVE DEFENSE

72.  That the product which forms the basis of this complaint was properly manufactured, tested, examined, inspected and packaged by the defendants, IV FLUSH, LLC and PINNACLE MEDICAL SUPPLY, said accident being caused solely by the plaintiffs' misuse or co-defendants' mishandling of the defendants' product at the time of the alleged incident.

## AS AND FOR A FIFTY-SECOND AFFIRMATIVE DEFENSE

73.  Plaintiff's injuries or damages, if any, were caused by the unforeseeable misuse, abuse, or inappropriate handling of the product by the plaintiff, co-defendants, or a third party, which was unforeseeable to defendant, and was the sole, intervening cause of the damages alleged in plaintiff's Complaint.

## AS AND FOR A CROSS-CLAIM AGAISNT CO-DEFENDANT, IVEDCO, LLC

74.  That if plaintiffs were caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, such damages were sustained by reason of the acts, conduct, misfeasance or nonfeasance, of co-defendant, IVEDCO, LLC, their agents, servants and/or employees, and not by these answering defendants, and if any judgment is recovered by plaintiff(s) against these answering defendants, such defendants will be damaged thereby, and co-defendant, IVEDCO, LLC, is or will be responsible therefore in whole or in part.

WHEREFORE, defendants IV FLUSH and PINNACLE MEDICAL SUPPLY demand judgment dismissing the Second Amended Complaint of the plaintiffs, together with

attorney's fees, costs and disbursements incurred in defense of this action, as well as such other and further relief this Court may deem just and proper.

Dated: New York, New York
       February 13, 2007

                                   Yours, etc.,

                                   WHITE FLEISCHNER & FINO, LLP

                                   By: _____
                                         Virginia L. McGrane (4081)
                                   Attorneys for Defendants
                                   IV FLUSH, LLC s/h/a IV FLUSHES, LLC,
                                   and PINNACLE MEDICAL SUPPLY
                                   303 Old Tarry Town Road
                                   White Plains, New York 10603
                                   Our File No.: 337-11432-D-DMS/JLT

TO:    (See Attached Affidavit)

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                     )ss:
COUNTY OF            )

Virginia L. McGrane, being duly sworn, deposes and says:

That she is the attorney for the defendants in the within action; that she has read the within Answer and knows the contents thereof, and that same is true to her own knowledge, except and to the matters herein stated to be alleged upon information and belief, and that as to those matters she believes it to be true.

That the sources of her information and knowledge are investigation and records on file.

That the reason this verification is being made by deponent and not by defendants is that the defendants are not within the county where deponent has her office.

*Virginia L. McGrane*
Virginia L. McGrane

Affirmed this 13th day
of February, 2007

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     )ss:
COUNTY OF NEW YORK   )

Deborah Manz Conrey, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Queens, New York.

That on February 13, 2007, deponent served the within **AMENDED VERIFIED ANSWER TO PLAINTIFFS' SECOND SUPPLEMENTAL SUMMONS AND SECOND AMENDED COMPLAINT,** by depositing same in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York in a prepaid envelope, properly addressed to the attorneys and parties listed below at the addresses designated by them as the addresses for service of papers.

TO:

Frank V. Floriani, Esq.
Sullivan, Papain, Block, McGrath & Cannavo, P.C.
*Attorneys for Plaintiffs*
120 Broadway
New York, New York 10271
(212) 732-9000

Harris Beach, Esqs.
*Attorneys for IVEDCO, LLC*
805 Third Avenue, 20th Floor
New York, NY 10022
(212) 687-0100

_____
Deborah Manz Conrey

Sworn to before me this
13th day of February, 2007

_____
Notary Public, State of New York
No. 01BR5077402
Qualified in King County
Commission Expires May 5, 2007

Docket No.: 06 CV 4190

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA EATZ and BARBARA EATZ,

         Plaintiffs,

  -against-

IV FLUSHES, LLC, PINNACLE MEDICAL SUPPLY,
and IVEDCO, LLC,

         Defendants.

## AMENDED VERIFIED ANSWER TO PLAINTIFFS' SECOND SUPPLEMENTAL SUMMONS AND SECOND AMENDED COMPLAINT

**WHITE FLEISCHNER & FINO, LLP.**
*Attorneys for Defendants*
*IV FLUSH, LLC and PINNACLE MEDICAL SUPPLY*
**303 Old Tarry Town Road**
**White Plains, NY 10603**
**(914) 509-2910**

*To:*
*Attorney(s) for*

*Service of a copy of the within*    is hereby admitted.
*Dated:*

            ..........................
            *Attorney(s) for*

PLEASE TAKE NOTICE
 ☐ that the within is a (certified) true copy of a
   entered in the office of the clerk of the within named Court on
NOTICE OF
ENTRY
 ☐ that an Order of which the within is a true copy will be presented for settlement to the Hon.
   one of the judges of the within named Court, at    , on    , at    .
NOTICE OF
SETTLEMENT

Dated:

         **WHITE, FLEISCHNER & FINO, LLP.**
         *Attorneys for Defendants*
         *IV FLUSH, LLC and PINNACLE MEDICAL SUPPLY*
         **303 Old Tarry Town Road**
         **White Plains, NY 10603**
         **(914) 509-2910**